RICHARD CROKER, JR., Individually and as Trustee, etc., Plaintiff, *v.* RICHARD CROKER et al., Defendants.

(Supreme Court, New York Special Term, December, 1921.)

**Trusts — when parents create a trust with power of revocation to be executed by both, survivor cannot terminate the trust — when increase of corpus from income not an unlawful accumulation under Personal Property Law, § 16 — gift of income to children held to continue during father's pleasure only — father entitled to income since date he directed payment to him.**

A trust agreement executed by the parents of the plaintiff, who at the time were living apart, provided that the survivor should receive the entire income of the trust fund, a considerable part of which belonged to the mother, and at his or her death the principal and all accumulations of income should be paid over in equal shares to their children, other than plaintiff, who for himself and his heirs waived all right of participation in the trust fund. The trust agreement contained the following: " It is expressly agreed and made part of this instrument that the terms and conditions hereof and of the trusts and estates herein created or any of them may from time to time be revoked, modified or changed in any particular, by instrument in writing, duly signed and acknowledged by the parties of the first part and delivered to the party of the second part or his successors in trust." In an action for the settlement of the accounts of the trustees and for instructions as to his future administration of the trust, *held*, that the father had no right to revoke the trust agreement after the decease of his wife, as to hold otherwise would defeat one of the most important purposes of the trust, to wit, the creation of remainders in the children of the trustors, and would be subversive of the intent expressed in the revocation clause of the trust agreement.

Under the trust agreement the mother during her lifetime was entitled to and did receive the income of the trust fund up to $5,000 a year and the balance belonged to the father, who, as satisfactorily shown by the evidence, orally instructed plaintiff to add his share of the income to the corpus of the trust, his express desire being to increase the fund for the benefit of his children. Plaintiff acting upon such instructions paid over to the other defendants their designated shares of the income for a long period until May 21, 1920, and his course was approved by his father from time to time. *Held,* that such disposition of the income was proper; that the father had a right to increase the corpus of the trust and whether it was done from his share of income or from other sources was immaterial, and his contention that such direction would be void and in violation of section 16 of the Personal Property Law, which refers solely to direction for accumulation of income contained in an instrument in writing, was untenable, as that statute did not apply here.

Where the evidence showed that one of plaintiff's sisters by the express direction of her father was excluded from participation in the income during a certain period, the plaintiff trustee will not be personally surcharged with the amount she claims as her share of the income.

It clearly appearing that the father's gift of the income to his children was a voluntary act, to continue only during his pleasure, the whole income from the trust fund since the date upon which he directed it to be paid to him belongs to him, except the amount directed to be paid to one of the daughters.

JUDICIAL settlement of accounts of trustee.

McCombs & Ryan (Frederick C. Ryan and Max D. Steuer, of counsel), for plaintiff.

Leventritt, Cook, Nathan & Lehman (Harold Nathan, of counsel), for defendant Richard Croker.

Maurice Steiner and Edward M. Salley, for defendant Florence C. Morris.

Gannon, Seibert & Riggs (R. E. T. Riggs, of counsel), for defendant Howard Croker.

Moses Miller, for defendant Ethel C. White.

Supreme Court, December, 1921.    [Vol. 117.

DAVIS, J.   This action is brought by plaintiff, as trustee under a certain trust agreement, for a judicial settlement of his accounts as trustee and for advice and instructions as to his future administration of trust.   Plaintiff is a trustee under an instrument executed April 20, 1909, by Elizabeth Croker and Richard Croker, Sr., the parents of the plaintiff.   The defendants are Richard Croker, Sr., father of plaintiff; Ethel C. White and Florence C. Morris, plaintiff's sisters; Howard Croker, brother of plaintiff, and Ethel C. White, an executrix under the will of her mother, Elizabeth Croker, deceased.   Under this agreement Elizabeth Croker and Richard Croker, Sr., sold, assigned and transferred to the plaintiff certain property consisting of mortgages amounting to $98,000 and $20,359.26 in money in trust, to collect the income and to invest and reinvest and to pay the net income in equal shares to Elizabeth Croker and Richard Croker, Sr.   In the event that one-half of the income should not amount to $5,000 the trustee is directed to pay to Elizabeth Croker an additional sum sufficient to make $5,000 per annum, and to pay the balance of income over $5,000 to Richard Croker, Sr.   The trust agreement further provides that upon the death of either Elizabeth Croker or Richard Croker, Sr., the survivor shall receive the entire net income, and upon the death of the survivor the principal and all accumulations of income shall be paid over in equal shares to the children then living of Elizabeth Croker and Richard Croker, Sr., other than the plaintiff, who waived for himself and his heirs all right of participation in the trust fund.   Plaintiff accepted the trust and has continued to discharge the duties incident thereto without compensation.   The nature and extent of the account to be rendered by the plaintiff will depend largely upon the effect of the following provision of the trust

agreement: "It is expressly agreed and made part of this instrument that the terms and conditions hereof and of the trusts and estates herein created or any of them may from time to time be revoked, modified or changed in any particular, by instrument in writing, duly signed and acknowledged by the parties of the first part and delivered to the party of the second part or his successors in the trust." It is claimed by the defendant Richard Croker that he revoked the trust agreement of April 20, 1909, by an instrument in writing according to the terms of the trust agreement. The plaintiff Croker claims that his father had no power to revoke the trust after the death of Mrs. Croker. Thus, as a counterclaim, the defendant Richard Croker, Sr., alleges that the bonds and mortgages described in the trust agreement were the proceeds of funds belonging to him and that the money mentioned therein was also owned by him and were assigned and paid over to the plaintiff without any valuable consideration in trust for the purposes set forth in the trust agreement; that Elizabeth Croker died on the 6th day of September, 1914; that thereafter and on or about August 2, 1917, defendant Croker executed and caused to be delivered to the plaintiff an instrument in writing, duly acknowledged on said date, revoking the said trust agreement of April 20, 1909, and all the trusts and estates created thereby and directing and requiring plaintiff to convey and return to defendant Croker all of the original trust fund and its proceeds. The instrument of August 2, 1917, is duly acknowledged, and, after recitals referring to the deed of trust, proceeds as follows: " Now, therefore, I, the said Richard Croker, do hereby revoke the said instrument hereinbefore referred to and all of the trusts and estates created therein. I further direct and require the said Richard Croker, Jr., that he shall immediately

36

.Supreme Court, December, 1921.          [Vol. 117.

upon receipt of notice of this revocation, convey and return to me all of the original trust fund, cash, notes, bonds, mortgages and other securities and all investments or reinvestments of the same, or of the income or proceeds thereof, together with all of the income derived from said trust funds or of the investment or reinvestment thereof, not heretofore legally disbursed by the said Richard Croker, Jr.'' (Ex. 6). None of the other parties to this action acquiesced in this attempted revocation. The question to be determined at the outset is whether the defendant Richard Croker, Mrs. Croker being then dead, had power under the terms of the trust agreement of April 20, 1909, to revoke the trust thereby created. The plaintiff contends that the power to revoke the trust did not survive the death of Mrs. Croker and that by the terms of the trust agreement revocation could be effected only by the joint act of Mr. and Mrs. Croker. On the other hand, the defendant Richard Croker, Sr., claims that the trust agreement reserved to the grantors the power of revocation, as permitted by section 144 of the Real Property Law, and that the execution of the power of revocation is therefore governed by section 166 of the same law. Section 144 provides that '' the grantor in a conveyance may reserve to himself any power beneficial or in trust which he might lawfully grant to another; and a power thus reserved shall be subject to the provisions of this article, in the same manner as if granted to another.'' Section 166, Real Property Law, is as follows: '' Where a power is vested in two or more persons, all must unite in its execution; but if before its execution, one or more of such persons dies, the power may be executed by the survivor or survivors.'' In my opinion, the purpose of section 166 is to prevent the failure of a trust through the death of one or more of the donees of the

power in trust. It aims to preserve the trust. The defendant Richard Croker invokes the aid of this provision to destroy the trust, not to uphold it. For this reason I think it has no application to this case. Moreover, this section (166) is written in most general terms and would not be controlling where the intention of the trustors that the right of revocation should be exercised by both jointly and not by the survivor is so clearly expressed as here. At the date of the execution of the trust agreement in question Mr. and Mrs. Croker were living apart. It is satisfactorily established by the evidence that a considerable part of the property constituting the trust fund had belonged to Mrs. Croker and that it was the purpose of both Mr. and Mrs. Croker to provide through the medium of the trust agreement an income for Mrs. Croker during her life, and upon the death of both to cause the trust fund to go to their children, except the plaintiff. Thus the agreement provides that upon the death of either Mrs. Croker or Richard Croker, Sr., the net income should be paid to the survivor for life, and upon the death of the survivor the trustee is required to pay over the entire principal, with all accumulations of income thereof, to the children of Mr. and Mrs. Croker who may then be living, in equal portions, other than the plaintiff. By the same instrument plaintiff waived all right to a share in the trust fund as well as all commissions. We may assume from the evidence that the trustors were not on such terms as would lead either to give the other the right to revoke the trust in favor of their children in the event of the death of either. This assumption is supported by the language of the revocation clause. The revocation must be " by instrument in writing duly signed and acknowledged by the parties of the first part * * *." To hold that either party to the trust agreement could revoke the

Supreme Court, December, 1921.    [Vol. 117.

trust upon the death of the other would defeat one of the important purposes of the trust, to wit, the creation of remainders in the children of Mr. and Mrs. Croker, and would be subversive of the intent expressed in the revocation clause. It is therefore my view that the defendant Richard Croker had no right of revocation of the trust agreement after the decease of Mrs. Croker. The revocation to be effective had to be the joint act of Mr. and Mrs. Croker. There remains the question as to whether plaintiff has properly disposed of the income of the trust fund. During Mrs. Croker's lifetime she was entitled to receive and did receive the income of the fund up to $5,000 a year, and the balance belonged to Mr. Croker. It is satisfactorily shown by the evidence that Mr. Croker instructed the plaintiff to add his share of the income to the *corpus* of the trust fund, his expressed desire being to increase the fund for the benefit of his children, and it was so disposed of by plaintiff. The defendant Richard Croker contends that such a direction would be void and in violation of section 16 of the Personal Property Law. I think section 16 has no application to the present case. It refers solely to directions for accumulations of income contained in an instrument in writing. In my opinion the question of unlawful accumulation of income under section 16, Personal Property Law, is not involved in this case. Here the instructions were oral and they disposed of personal property belonging to defendant Croker, which he saw fit to use to increase the trust fund for the benefit of his children. He had a perfect right to increase the *corpus* of the trust fund, and whether it were done from his share of income or from his property derived from other sources is immaterial. *Central Trust Co.* v. *Falck,* 177 App. Div. 501, 509. The plaintiff acted upon the instructions of defendant

Richard Croker and paid over to the other defendants their designated shares of the income for a long period until May 21, 1920, and the evidence shows that the defendant Richard Croker, from time to time, approved of plaintiff's course. The defendant Florence C. Morris by her answer seeks to surcharge the plaintiff personally with $2,133.33, which she claims as her share (one-third) of the total income at the rate of $5,000 a year from December 20, 1914, to July 1, 1916. I think Mrs. Morris must fail in this contention, as the evidence shows that she was excluded from participation during this period by the express directions of her father. Later in June, 1916, the defendant Richard Croker directed the plaintiff to make an equal distribution of the $5,000 of income among his three children. This direction was given in a letter received by plaintiff from his father in June, 1916. Plaintiff was unable to find the letter in question and was allowed to state its contents from his recollection, and his testimony on this point was corroborated to some extent by exhibit 9, signed by defendant Richard Croker December 11, 1916, and in which he confirms his former verbal direction and states that the income is thereafter to be divided equally among his three children, Florence, Ethel and Howard. Pursuant to these directions of his father the plaintiff made equal distributions of the income up to $5,000 among the three children named, making the first payment to his sister Florence on July 1, 1916. And he continued to make these payments until the latter part of December, 1919. Thereafter he ceased making payments out of income to anybody because he received written directions from his father, dated May 21, 1920, to pay the entire income of the trust fund to him, except $1,667 thereof which the latter directed plaintiff to pay each year to his daughter Florence C. Morris. It is my

opinion that the trustee has properly disbursed the income from the trust fund. And in adding the excess of income over $5,000 to the principal the plaintiff acted under authority of the owner of the excess. The latter cannot now, after many years of acquiescence in that course and after the income derived from the principal so increased has been paid over to beneficiaries designated by the owner of the excess, disavow plaintiff's action and charge him personally with the payments so made, and with the additions to the principal fund of the trust. The payments of interest were properly made and the additions to the principal cannot now be taken therefrom. The principal of the trust fund has been augmented by contributions to it by defendant Richard Croker of his share of the income. At his direction the plaintiff paid the $5,000 of income from the fund so increased to the three children, but ceased to make payments by order of his father on May 21, 1920, and he asks for instructions as to his future administration of the trust. Shall he continue to dipose of the income as formerly and at the death of Richard Croker, Sr., pay over the principal to the three children, or must he obey the direction of Mr. Croker and henceforth pay all the income to him during his life, and thereafter distribute the principal of the trust among the three children? The plaintiff and defendants Ethel C. White and Howard Croker claim that in June, 1916, the defendant Richard Croker made an agreement with the plaintiff and defendants Mrs. White and Howard Croker by the terms of which the plaintiff during the lifetime of Mr. Croker should pay over to his children Ethel, Florence and Howard, share and share alike, all of the income of the said trust estate to the extent of $5,000 annually. The alleged agreement, it is claimed, further provided that all sums over $5,000 should be added to the principal of said trust estate and made

part thereof, and it is alleged in the answers of these defendants, Howard Croker and Mrs. White, that between July 1, 1916, and the 31st of August, 1919, payments were made to the three children pursuant to this agreement. In none of the pleadings is any consideration alleged for the making of the agreement as pleaded, nor do I find in the testimony sufficient evidence upon which to base a finding that such an agreement was ever made. On the contrary, it seems clear to me that Mr. Croker made a gift of this income to his children as a voluntary act, to continue not necessarily during his lifetime, but during his pleasure. It therefore follows that the whole income from the trust fund since the date upon which he directed it to be paid to him belongs to defendant Richard Croker, except the amount directed by him to be paid to his daughter Florence. Findings of fact and conclusions of law as proposed have been passed upon. Other findings should be proposed in accordance with the views expressed in this opinion.

Ordered accordingly.