IRMA A. CULVER et al., Plaintiffs, *v.* TITLE GUARANTEE AND TRUST COMPANY, as Trustee under an Agreement Made by MARY CLARK DE BRABANT et al., Defendant.

First Department, February 21, 1946.

*Henry L. Kanter* for plaintiffs.

*William T. Griffin* of counsel (*Joseph V. McKee* with him on the brief; attorney), for defendant.

GLENNON, J. The facts, in this submission of a controversy, are in the main set forth in the opinion of Mr. Justice WASSER-

VOGEL in *Culver* v. *Title Guarantee & Trust Co.* (269 App. Div. 627).

In that case this court held that an instrument purporting to revoke the trust herein in its entirety was ineffectual because it had not been joined in by all of the settlors, and, since it appeared that one of the settlors had died, a revocation of the entire trust could not be effected under the provisions of the statute.

With respect to a partial revocation to the extent of the portion of the trust contributed by the plaintiffs, Mr. Justice WASSERVOGEL, in writing for a unanimous court, said in part: " A different question is presented by the suggestion that the instrument of revocation may be given partial significance as effecting the abrogation of the trust of the property conveyed by the surviving settlors. Here the purpose of the statute is accomplished, since the consent of those who made the disposition is obtained. On this point the parties are in agreement and authority for this determination may be found in *Guaranty Trust Co. of New York* v. *Armstrong* (43 N. Y. S. 2d 897, affd. 268 App. Div. 763, 294 N. Y. 666).

" The instrument of revocation, however, purports to revoke the entire trust. The defendant Trustee is entitled to a writing, in proper form, revoking so much of the trust as consists of property originally conveyed by the surviving settlors."

An instrument in accordance with the above-quoted portion of the opinion has since been executed and served upon the trustee, but the latter has refused to recognize its validity. The trustee now takes the position that the trust agreement is a contract between the settlors which may not be abrogated. The difficulty with the trustee's position is that all of the settlors have fully performed by contributing their respective shares of the corpus. The *inter vivos* trust thus established was one to which the provisions of section 23 of the Personal Property Law and section 118 of the Real Property Law applied. (*Guaranty Trust Co. of New York* v. *Armstrong, supra.*) Moreover, the trust having been fully established, the deceased settlor had no further interest therein except that granted by the indenture. Upon her death without exercising the power of appointment over the remainder, therein granted, no interest, contractual or otherwise, passed to her estate.

Judgment should therefore be entered in favor of plaintiffs, with costs.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Judgment unanimously directed for the plaintiffs, with costs. Settle order on notice.