**MISSOURI, KANSAS–TEXAS RAILROAD COMPANY, a Corporation, Petitioner,**

v.

**The DISTRICT COURT OF CREEK COUNTY and the Honorable Kenneth G. Hughes, as Judge of said Court, Respondent.**

No. 36910.

Supreme Court of Oklahoma.

Jan. 10, 1956.

Rehearing Denied Feb. 28, 1956.

Application for Leave to File Second Petition for Rehearing Denied

March 13, 1956.

Dan M. Welch, Satterfield, Franklin & Harmon, Oklahoma City, for petitioner.

Ratner, Mattox & Ratner, Wichita, Kan., Finch & Finch, Sapulpa, for respondent.

JACKSON Justice.

This is an original proceeding in this court by Missouri-Kansas-Texas Railroad Company, as petitioner, under the provi-

sions of Art. VII, § 2, Oklahoma Constitution, to prohibit the respondent, District Court of Creek County, Oklahoma, and Kenneth G. Hughes as Judge of said Court, from proceeding in the case of Raymond Baze, Plaintiff, v. Missouri-Kansas-Texas Railroad Co., defendant, No. 29,720 in said court, on the ground that said court is an inappropriate and inconvenient forum for the trial of the case.

Baze, as plaintiff, filed his petition in the District Court of Creek County on February 1, 1955, alleging a personal injury occurring on June 20, 1954, at Parsons, Kansas, within the scope and purview of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The defendant therein, Missouri-Kansas-Texas Railroad Company, filed a motion in the district court to dismiss the action on the principle of forum non conveniens. The trial court, after hearing evidence presented by affidavits, refused to dismiss the action and the defendant Railroad Company filed its petition here for a writ of prohibition to prevent said court and the Judge thereof from proceeding further in the trial of the case, and for dismissal thereof.

The record from the trial court shows that plaintiff, Baze, was a resident of Parsons, Kansas, at the time he received his alleged injuries. He was treated by doctors in Parsons, Kansas, and remained in Parsons, Kansas, until about February 1, 1955, at which time he moved to Creek County, Oklahoma, and established his residence in Sapulpa.

Baze's evidence in the trial court shows that prior to their marriage his wife had been an employee of Phillips Petroleum Company in Bartlesville, Oklahoma, and that after Baze received his injuries it became necessary for Mrs. Baze to earn the living; that Mrs. Baze was unable to find employment in Kansas, but was able to obtain employment in Tulsa with Phillips Petroleum Company. Their stated reason for moving to Sapulpa, instead of Tulsa, was that they could live more economically in Sapulpa. The trial court found that Baze was "apparently a bona fide resident of Creek County at the time suit was filed."

The evidence further shows that Parsons, Kansas, is approximately 130 miles from Sapulpa, Creek County, Oklahoma. The defendant Railroad Company anticipated they would have approximately thirty witnesses who resided at or near Parsons, Kansas, and that the taking of depositions and transporting witnesses to Sapulpa would increase their cost of defending $2,000 beyond what it would be in Parsons, Kansas, and that during the absence of these employee witnesses from Parsons, Kansas, it would be necessary to employ other persons who would not be equally familiar with their work.

Plaintiff, Baze, disputed these contentions and his evidence shows that there could only be eight or ten witnesses who know anything about the facts and that three or four of them reside in Oklahoma. Baze estimated the additional cost of depositions and defending in Creek County at not to exceed $500.

Photographs and diagrams of the railroad switch yards in Parsons, Kansas (where Baze was allegedly injured), apparently have been prepared by both sides, and Baze contends that a view of the premises would not be helpful.

This is a transitory cause of action arising in Kansas between a Missouri corporation and plaintiff Baze, who at the time of the alleged accident was a resident of Kansas. The alleged cause of action did not result from any business transacted within this state and it is not contended that the defendant Railroad Company has officers, employees, or property in Creek County. The defendant Railroad Company does do business in other counties in Oklahoma and has designated an agent in Oklahoma City upon whom service of summons was had. Plaintiff Baze filed his suit in Creek County immediately after establishing his residence there.

In respondent's brief it is contended that Baze's residence in Creek County at the time suit was filed gives Baze an absolute right to try his case in that county and that Art. 9, § 43, Oklahoma Constitution, forbids the application of the rule of forum non conveniens in this case.

Sec. 43, Art. 9, supra, provides that suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of plaintiff's residence, or in the county where the cause of action may arise.

If respondent is correct in his conclusion it must of necessity follow that claims on torts wherever committed by a foreign corporation doing business in this state, and claims on contracts wherever made by a foreign corporation doing business in this state, could by virtue of such alleged compulsory constitutional provision be drawn to the jurisdiction of this state whether resulting from business transacted in this or any other state. See in this connection Simon v. Southern Ry. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492. The courts of this state would be powerless to prevent the manifest inconvenience and hardship arising from such extra-territorial extension of jurisdiction and would be unable to protect the courts from overcrowded dockets from causes of action arising in other states.

In considering the purpose of Sec. 43, Art. 9, Oklahoma Constitution, in the body of the opinion in Braniff v. Coffield, 199 Okl. 604, 190 P.2d 815, 818, this court said:

"By the provisions of Sec. 43, Art. 9, Const., and 18 O.S.1941 § 471, the state has imposed certain conditions on foreign corporations for the privlege of 'doing business' in the state, one of which is its submission to the jurisdiction of her courts by the appointment of an agent on whom process may be served in any action growing out of its business transacted within the state. By the provisions of 18 O.S.1941 § 472, the state has imposed a similar condition on foreign corporations 'doing business' in the state without compliance with its law by making them subject to the jurisdiction of her courts on proper service of process through the Secretary of State. It is fundamental that acquired jurisdiction of the person by either method is based on business transactions within the state."

In the 5th paragraph of the syllabus in Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 10 Cir., 100 F.2d 770, that court held:

"The purpose of Oklahoma constitutional and statutory provisions requiring corporations seeking permission to transact business in state to designate an agent residing in state for service of process was to enable Oklahoma residents to obtain redress against foreign corporations doing business in Oklahoma in state and federal courts in Oklahoma upon causes of action arising therein. 18 Okl.St.Ann. § 452; Okl.St.Ann.Const. art. 9, § 43."

■ We conclude that Sec. 43, Art. 9, Oklahoma Constitution, does not forbid the application of the rule of forum non conveniens in a cause of action involving a foreign corporation doing business in this state where the cause of action arises outside this state and results from business transacted outside the boundaries of this state.

■ We know of no rule under our state or federal law which forbids the application of the rule of forum non conveniens under the facts in this case. 45 U.S.C.A. § 56 confers jurisdiction upon state courts to try cases under the Federal Employers' Liability Act. However, in McKnett v. St. Louis & S. F. Ry. Co., 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227, it was held that congress had not attempted to compel states to provide courts for enforcement of Federal Employers' Liability Act cases, although they may not, under the constitution of the United States, decline jurisdiction solely because the action arises under federal law.

In some respects the facts in this case are similar to the facts in St. Louis San Francisco Ry. Co. v. Superior Court, Creek County, Okl., 290 P.2d 118. In that case Murphy, a resident of Springfield, Missouri, was injured in Springfield, Missouri. He filed suit in Creek County, Oklahoma. In that case eight needed witnesses resided at Springfield; one at St. Louis, and one at Kansas City, Missouri. None of the interested parties or witnesses were residents of the State of Oklahoma, other than Murphy who became a resident after filing

his suit. The motivating reason for selecting Creek County, Oklahoma, for the institution of the action was the expectation of receiving a substantially higher verdict. This court held in that case that Murphy's chances of securing a larger verdict in Creek County and the fact that he had employed three medical experts who would charge more for testifying in Springfield, Missouri, together with his establishing residence in Oklahoma after filing suit, did not convert this state into an appropriate and convenient forum.

In the case now before us eight or more witnesses reside in Parsons, Kansas, and four appear to live in Oklahoma. While the evidence is not clear, we understand that two of the Oklahoma witnesses are medical experts and the other two are Baze and his wife.

If we view the evidence in this case in its most favorable light in support of the trial court's decision, Baze came to Oklahoma in order that his wife might earn a living for the family, since he is totally and permanently disabled and unable to provide for his family. He has two witnesses who reside in good faith in Creek County who will testify in the case. These two witnesses (Baze and wife) did not establish residence in Creek County for the purpose of importing a law suit and receiving a larger verdict, but for earning a living for the family. Baze will be able to prosecute his case more conveniently to himself in Oklahoma than in Kansas. If this interprets the trial court's reasons for retaining jurisdiction of this case, equity does not demand that this case be dismissed.

In a matter of equitable cognizance this court will not substitute its judgment for that of the trial court in the absence of a clear abuse of discretion.

Application for writ of mandamus and for dismissal of case filed in respondent court will be denied.

JOHNSON, C. J., and CORN, HALLEY and HUNT, JJ., concur.

WILLIAMS, V. C. J., and WELCH, DAVISON and BLACKBIRD, JJ., concur in result.