730 So.2d 395 (1999)
John V. L'ARGENT, Appellant,
v.
BARNETT BANK, N.A., Rev. Jessie W. Carr, and Earl Wakely as CoTrustees of Trust Agreement dated March 13, 1980, Florence P. L'Argent and Neely C. L'Argent, Settlors, Appellees.
No. 98-02810.
District Court of Appeal of Florida, Second District.
April 9, 1999.
*396 Clifton C. Curry, Jr. of Curry & Associates, P.A., Brandon, for Appellant.
David C. Lanigan, Tampa, for Appellees.
CASANUEVA, Judge.
John V. L'Argent appeals a final summary judgment granted in favor of the trustees, Barnett Bank, N.A., Rev. Jessie W. Carr, and Earl Wakely, contending that the initial trust was improperly amended. We determine that his contention is meritorious and reverse.
On March 13, 1980, Neely L'Argent and Florence L'Argent, husband and wife, executed an inter vivos revocable trust. On the death of the survivor of Mr. or Mrs. L'Argent, the trust estate was to be distributed to three beneficiaries among whom was John V. L'Argent. Neely and Florence L'Argent, as settlors of the trust, reserved the power to revoke the trust. The operative provision of the trust at issue is Article II, titled "Revocation of Trust." It specifically provides that during "the life of the Settlors, this trust may be amended, altered, revoked, or terminated, in whole or in part, or any provision hereof, by an instrument in writing signed by the Settlors and delivered to the trustees."
Before Neely L'Argent died on September 22, 1983, the two settlors did not amend the trust in any way. Thereafter, Florence L'Argent executed a number of trust amendments, one of which removed John V. L'Argent as a trust beneficiary. On August 9, 1997, Florence L'Argent died. The trustees then filed a petition seeking an order from the probate court determining that Florence L'Argent retained the authority to amend, revoke, or terminate the trust after Neely L'Argent's death. In response to the petition, John V. L'Argent contended that, based on the provisions of Article II, the trust, after Neely L'Argent's death, became irrevocable and unamendable.
The trial court entered summary judgment in favor of the trustees, concluding that the trust remained revocable and amendable by the surviving settlor after the death of the other. In reaching this conclusion, the trial court considered and relied upon an affidavit of the attorney who originally drafted the trust. This appeal ensued.
Once created, a valid trust cannot be altered, amended, or revoked except by the exercise of a power identified in the trust. See MacFarlane v. First Nat'l Bank, 203 So.2d 57 (Fla. 3d DCA 1967). Accordingly, the issue in this case is whether Article II, which grants the power to amend the trust, is exercisable following the death of one of the two settlors. We hold that it is not; rather, the unambiguous provisions of Article II, consistent with the scheme adopted by the settlors for the disposition of *397 their property, mandates that the power to amend the trust be exercised while both settlors were living.
We begin with an examination of the trust's language. Article II sets forth the requirements of a valid amendment: The amendment must, first, be during "the life of the Settlors"; second, "by an instrument in writing"; third, signed "by the Settlors"; and fourth, delivered "to the trustees."
Although the amendments made by Florence L'Argent complied with two of the four required provisionseach was by an instrument in writing and delivered to the trustees her amendments failed to comply with the remaining two. To be valid, the amendment had to be signed by both the settlors, during their lives. Because these requirements were not satisfied, the amendments were invalid.
In interpreting the provisions of Article II, we determine that the language is unambiguous. The polestar of trust interpretation is the settlors' intent. See Ludwig v. AmSouth Bank of Fla., 686 So.2d 1373 (Fla. 2d DCA 1997); Knauer v. Barnett, 360 So.2d 399 (Fla.1978). Where the language is unambiguous, the trial court is not permitted to rely upon extrinsic evidence, see Robbins v. Hunyady, 498 So.2d 955, 958 (Fla. 2d DCA 1986), but the court may consider the scheme adopted by the settlors for the disposition of the property as shown by the trust's terms. See Robbins; In re Estate of Parker, 110 So.2d 498 (Fla. 1st DCA 1959). Applying these principles of interpretation, we hold that the trial court erred in considering the trust drafter's affidavit. The dispositional intent of the trust would be violated were a different interpretation allowed.
The original trust included several beneficiaries, including John V. L'Argent, upon whom both settlors agreed. Florence L'Argent's amendment altered the original disposition and might not have been approved by Neely L'Argent. Our conclusion is reinforced by the absence of a specific reserved power granting the surviving settlor the power to amend. While it is possible that the omission of such language was an oversight, we conclude that Article II was intended to preserve the settlors' joint intention. Those persons enumerated as beneficiaries were to remain beneficiaries unless both settlors agreed to an amendment.
Reversed and remanded.
THREADGILL, A.C.J., and BLUE, J., Concur.