BAUMANN, HERBERT J., JR., Associate Judge.
In March 1989, Aurele Provost and Geraldine Provost, husband and wife, established a trust that listed as beneficiaries the three children of Aurele Provost, Appellants Marquis Provost, Constance Monty, and Levis Provost (the Trust). Aurele Provost passed away in March 1994. On July 9, 2001, Geraldine Provost executed a document that purported to amend the Trust to distribute the first $10,000 in trust assets to Appellee Sharon Metz,[1] Geraldine Provost’s former foster child, and the remaining assets to her caregiver, Appellee Elizabeth Justin. After Geraldine Provost’s death on July 7, 2005, the children of Aurele Provost filed a complaint for declaratory judgment, seeking to set aside the amendment.[2] The parties filed cross-motions for summary judgment, and the trial court granted summary judgment in favor of Elizabeth Justin and Sharon Harsch. We reverse.
“The polestar of trust interpretation is the settlors’ intent.” L’Argent v. Barnett Bank, N.A., 730 So.2d 395, 397 (Fla. 2d DCA 1999). “In determining the settlors’ intent, the court should not ‘resort to isolated words and phrases’; instead, the court should construe ‘the instrument as a whole,’ taking into account the general dispositional scheme.” Roberts v. Sarros, 920 So.2d 193, 195 (Fla. 2d DCA 2006) (citations omitted). The parties agree that these principles apply to the case at hand and rely on both LArgent and Roberts in disputing the interpretation this court should give to the Trust.
As in L'Argent, the Trust contains language that limits the right of amendment to the grantors “during their lives.” See 730 So.2d at 397. Based on our review of the entire Trust document, we conclude that both grantors needed to execute any amendment to the Trust. Because Aurele Provost did not execute the amendment prepared by Geraldine Provost, the amendment is ineffective. Accordingly, we reverse the summary judgment in favor of Appellees Elizabeth Justin and Sharon Harsch and remand for the trial court to enter summary judgment in favor of Appellants Levis Provost, Marquis Provost, and Constance Monty.
Reversed and remanded.
NORTHCUTT, C.J., and CASANUEVA, J., Concur.

. Appellee Sharon Harsch was formerly known as Sharon Metz.

. The complaint included other claims for relief that are not at issue on appeal.