# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-218

| | |
|---|---|
| | **Opinion Delivered** September 11, 2013 |
| JULIA HARTSFIELD, EMILY HARTSFIELD, and GAYLE FISHER<br>APPELLANTS | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. CV-2009-293] |
| V. | |
| DEANNA BLANN, SARAH BLANN, THOMAS EDWIN BLANN, and SIMMONS FIRST TRUST COMPANY, N.A.<br>APPELLEES | HONORABLE RUSSELL ROGERS, JUDGE<br><br>AFFIRMED |

## RHONDA K. WOOD, Judge

Robert and Robena Blann, husband and wife, executed a trust as co-settlors in April 1996. Robena had three nieces, and Robert had three children, and the trust named all six as survivor beneficiaries. Robert and Robena jointly executed a first amendment to the trust in January 2004.[1] Robert died thereafter. Robena executed a second amendment in August 2007 that removed Robert's three children as beneficiaries, effectively disinheriting them. Robena died, and Robert's children sued to strike Robena's second amendment. The circuit court found that the trust's language was ambiguous concerning whether it became irrevocable after Robert died. Therefore, it allowed extrinsic evidence regarding the settlors' intent. Finding that the trust's purpose was to provide for all six

---

[1] Robert's son had died, and the settlors replaced him as a beneficiary with his wife, Deanna Blann.

beneficiaries, the court struck Robena's second amendment to the trust. Robena's nieces appeal, and we affirm.

The rule we follow with regard to the construction of a trust is that the intent of the settlor governs, and the intent is to be determined within the four corners of the instrument, considering the language used and giving meaning to all provisions, whenever possible. *Aycock Pontiac, Inc. v. Aycock*, 335 Ark. 456, 983 S.W.2d 915 (1998). We will only consider collateral evidence when there is uncertainty about the settlor's intentions from looking at the language of the instrument. *Id.* The determination of whether there is an ambiguity is a matter of law. *Thinn v. Parks*, 79 Ark. App. 20, 83 S.W.3d 430 (2002). We review a circuit court's conclusion on a question of law de novo. *Helena-W. Helena Sch. Dist. v. Fluker*, 371 Ark. 574, 268 S.W.3d 879 (2007).

Here, the provision in question is paragraph 14, which reads as follows:

14. REVOCABILITY: The Donors, Robert F. Blann and Robena P. Blann, may, by signed instruments delivered to the Trustee during the Donors' life: . . . (3) change the beneficiaries, their respective shares and the plan of distribution. . . .

After Robert died, Robena executed a second amendment to the trust that removed Robert's three children as beneficiaries. The circuit court found that the second amendment, along with paragraph 14 of the trust, presented an ambiguity: namely, whether both settlors, or only one, could amend the trust.

However, paragraph 14 is not ambiguous. Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one reasonable interpretation. *Anderson Gas & Propane, Inc. v. Westport Ins. Corp.*, 84 Ark. App. 310, 140 S.W.3d 504 (2004). Here, the revocability provision said that the donors, plural, could

change the beneficiaries; it does not allow a donor, singular, to do so. While there is no precedent in Arkansas interpreting a trust with similar language, other jurisdictions interpreting similar language have agreed. *See L'Argent v. Barnett Bank, N.A.*, 730 So. 2d 395 (Fla. Dist. Ct. App. 1999); *Williams v. Springfield Marine Bank*, 475 N.E.2d 1122 (Ill. Ct. App. 1985).

In *L'Argent*, the trust provided that during "the life of the Settlors, this trust may be amended, altered, revoked, or terminated, in whole or in part, or any provision hereof, by an instrument in writing signed by the Settlors and delivered to the trustees." *L'Argent*, 730 So. 2d at 396. The Florida court found that this provision was unambiguous and required that changes to the trust occur while both settlors were living. *Id*. at 396–97. Similarly, in *Williams*, the trust provided that "[t]he Settlors may at any time or times during their lifetime by instrument in writing delivered to the trustee amend or revoke this agreement in whole or in part." *Williams*, 475 N.W.2d at 1124. There, the court reasoned that the trust was jointly made and could only be jointly changed. *Id*. While these cases are not binding in Arkansas, they are persuasive.

Here, the trust's language regarding revocability mirrors the language of the trusts in *L'Argent* and *Williams*. All trust provisions have a plural subject and are limited in duration. In the case before us, only the donors, Robert and Robena jointly, could execute a written instrument to change the trust. Both of their signatures are required. Robena's second amendment had her signature only and was executed after Robert had died. Therefore, the second amendment is invalid because it did not comply with the provisions of paragraph 14.

In short, paragraph 14 of the trust is unambiguous: changing the trust required both donors. The circuit court was incorrect when it found that the trust was ambiguous and allowed extrinsic evidence regarding intent. Because the court did strike the second amendment, we affirm because the court reached the proper result, albeit for the wrong reason. *See Charles R. Griffith Farms, Inc. v. Grauman*, 2009 Ark. App. 515, 333 S.W.3d 430 (2009).

Finally, appellants argue that they are entitled to attorney's fees. Attorney's fees are not allowed except where expressly provided for by statute, and an award of attorney's fees will not be set aside absent an abuse of discretion by the trial court. *Harris v. City of Fort Smith*, 366 Ark. 277, 234 S.W.3d 875 (2006). A circuit court may award attorney's fees "in a judicial proceeding involving the administration of a trust . . . as justice and equity may require." Ark. Code Ann. § 28-73-1004 (Repl. 2012). Appellants raise this argument assuming they would prevail on appeal—they make no other argument regarding fees. Because we ultimately affirm the circuit court, we also hold that it was within its discretion to deny appellants request for attorney's fees.

Affirmed.

GLOVER and BROWN, JJ., agree.

*Murray Law Firm*, by: *Todd H. Murray*, for appellants.

*Smart & Stone, PLLC*, by: *Phillip A. Stone*, for appellees.