STRATTON v. STEPHENS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STRATTON v. STEPHENS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STRATTON v. STEPHENS
2021 OK CIV APP 49
Case Number: 118958
Decided: 10/29/2021
Mandate Issued: 12/01/2021
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2021 OK CIV APP 49, __ P.3d __

 

HILDA STRATTON, Plaintiff/Appellant,
v.
JUDITH KAY STEPHENS and MARGARET HELEN MITCHELL, INDIVIDUALLY AND AS THE SUCCESSOR TRUSTEES OF THE JC HILLARD WILLIAMS AND HELEN MARIE WILLIAMS REVOCABLE TRUST, DATED MAY 8, 2007, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
LEFLORE COUNTY, OKLAHOMA

HONORABLE JONATHAN SULLIVAN, TRIAL JUDGE

AFFIRMED

Nicholas E. Grant, LAWSON & GRANT, P.C., Spiro, Oklahoma, for Plaintiff/Appellant,

Roy Gean, III, GEAN LAW FIRM, Fort Smith, Arkansas, for Defendants/Appellees.

THOMAS E. PRINCE, JUDGE:

¶1 The issue presented for review is whether a revocable trust, created jointly by a husband and wife, can be amended after one of the trustors passes away. JC Hillard Williams ("husband") and Helen Marie Williams ("wife") created the JC Hillard Williams and Helen Marie Williams Revocable Trust ("Trust"). Husband and wife had nine children ("beneficiaries") who were listed in the Trust. Upon the death of the last Trustor, each of the nine beneficiaries would receive an equal share of the Trust Estate. Husband passed away and wife subsequently executed three amendments to the Trust. The Plaintiff/Appellant, Hilda Stratton, was included as one of the nine beneficiaries in the Trust but omitted as a beneficiary in the second and third amendments to the Trust. After wife passed away, Appellant filed a Petition seeking a declaratory judgment determining that the amendments to the Trust were ineffective and invalid. Appellant contended that once husband passed away, the Trust became irrevocable and could no longer be amended. The trial court held that the amendments were effective because there was no express language in the Trust making it irrevocable. We find that the Trust was a revocable trust during the life of either or both Trustors and that wife had the authority to amend the Trust. The decision of the trial court is, therefore, affirmed.

BACKGROUND

¶2 The parties agreed to present stipulated facts and memorandums of law to the trial court in lieu of an evidentiary hearing. Accordingly, all facts are undisputed. On May 8, 2007, husband and wife created the Trust and listed their nine children as beneficiaries. Husband and wife were the Trustors of the Trust but wife was the sole Trustee. The Trust included Appellant as one of the nine beneficiaries and upon the death of the last Trustor, Appellant was entitled to 1/9th of the Trust Estate. Husband passed away during June, 2007. Wife amended the Trust on three occasions during 2011, 2012 and 2015. Wife's Second Amendment to the Trust included the following provision:

The balance of the Trust Estate shall be distributed equally to my children who survive me, except Hilda Jane Stratton. They are Bobby Joe Williams, Jimmy Don Williams, Judith Kay Stephens, James Hillard Williams, Tony Marshall Williams, Margaret Helen Mitchell, Ronald Wayne Williams and Ricky Don Williams. I have intentionally omitted Hilda Jane Stratton. I do not want her to inherit or have any part of the Trust Estate.

Wife's 2015 Amendment to the Trust included the following provision:

It is the expressed intent of the aforesaid Trustor and Trustee, Helen Marie Williams, to disinherit Hilda Jane Stratton and it is the direction that none of the trust assets of property shall be distributed to her or to her lineal descendants.

¶3 Wife expressed her intent to disinherit Appellant in the Second Amendment and the 2015 Amendment to the Trust. Wife passed away during May, 2018. Appellant subsequently filed her Petition for Declaratory Judgment and Accounting of Trust Assets. After submission of stipulated facts and memorandums of law to the trial court, the court ruled against Appellant and determined that the amendments to the Trust were valid. Appellant timely commenced this appeal.

STANDARD OF REVIEW

¶4 The subject of trusts is one of equitable cognizance. Paul v. Arvidson, 2005 OK CIV APP 85, ¶ 2, 123 P.3d 808, 809. Matters of equitable cognizance are reviewed for an abuse of discretion. Missouri, Kansas-Texas Railroad Co. v. Dist. Court, 1956 OK 9, ¶ 19, 294 P.2d 579, 583. "An abused judicial discretion is manifested when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence." Revolution Resources v. Annecy, 2020 OK 97, ¶ 12, 477 P.3d 1133, 1140 (citation omitted).

¶5 Interpretation of the language of a trust instrument presents a question of law for the court. Matter of Home-Stake Production Co., Etc., 1979 OK 81, ¶ 8, 598 P.2d 1193, 1196 (citations omitted). Where "there is no ambiguity and the language of a declaration of trust is clear and plainly susceptible of only one construction, the plain provisions of the trust instrument must determine its construction." Id. at 1196 (citation omitted). Questions of law are reviewed de novo. Chandler v. State ex rel. Dept. of Public Safety, 2017 OK CIV APP 47, ¶26, 419 P.3d 298, 305. De novo review involves a plenary, independent, and non-deferential review of a trial court's legal rulings. Smith v. Shelter Mutual Insurance Co., 2014 OK CIV APP 42, ¶8, 325 P.3d 26, 29.

ANALYSIS

¶6 Appellant's Brief in Chief includes one proposition of error: i.e., that the trial court erred when it held that wife had the authority to amend the Trust after husband passed away. Appellant's argument is based on authority from other states and the plain language of 60 O.S. § 175.41. First, Appellant urges this Court to consider authority from other states to support her argument that a revocable trust becomes irrevocable once one of the settlors passes away.[1] The cases cited by Appellant are distinguishable for two reasons. All of the cases involve trusts that include specific language regarding modification or amendment of the trust instrument whereas the Trust in this matter does not contain a provision regarding amendments or modification. In addition, none of the cases address a statute that is similar to 60 O.S. § 175.41, which states that all trusts are revocable unless they are expressly made irrevocable by the terms of the trust. The Trust in this matter does not contain a provision that expressly makes it irrevocable until after both Trustors have passed away. We find that the cases from other states are not persuasive here.

¶7 Having found that the cases cited by Appellant from other states are unpersuasive, we turn to Appellant's second argument regarding her interpretation of 60 O.S. § 175.41. Title 60 O.S. § 175.41 states, in pertinent part, that: "Every trust shall be revocable by the trustor, unless expressly made irrevocable by the terms of the instrument creating the same." 60 O.S. § 175.41 (emphasis added). In Morrison v. Ardmore Industrial Development Corp., 1968 OK 116, 444 P.2d 816, the Court interpreted the meaning of 60 O.S. § 175.41. The Court stated:

Under the provisions of 60 O.S. 1961 § 175.41, every trust (other than a spendthrift trust not created by the trustor for his own benefit) is revocable by the trustor unless expressly made irrevocable by the terms of the instrument creating the trust, but any trust (other than a spendthrift trust not created by the trustor for his own benefit) may be revoked by the trustor upon the written consent of all living persons having a vested or contingent interest in the trust. Since an alteration, amendment, revision, or modification of a provision of an instrument creating a trust, in effect, revokes a portion of the trust, we hold that any trust which may be revoked entirely in the manner provided in 60 O.S. 1961 § 175.41 may be altered, amended, revised, modified, revoked, or terminated, in part, in the same manner.

Id. at 820 (emphasis added). When a statute is free from ambiguity, the plain language of the statute controls its meaning. Hall v. Galmor, 2018 OK 59, ¶45, 427 P.3d 1052, 1070-1071. Title 60 O.S. § 175.41 is not ambiguous. The plain language of the statute indicates that all trusts are revocable unless expressly made irrevocable by the terms of the trust. It is undisputed that the Trust in this matter does not contain any express provisions making the Trust irrevocable once one of the Trustors passes away. Nevertheless, Appellant argues that the plain meaning of 60 O.S. § 175.41 makes it necessary that each person who is included in the term "Trustor" must take part in the revocation and/or amendment of the terms of the Trust. Appellant erroneously argues that: "'[e]very trust is revocable by the trustor' is a vastly different statement than 'Every trust is revocable by a trustor.' If it was the legislature's intent to allow any person who only makes up a part of the Trustor designation to unilaterally revoke a trust it would have written the law that way." Br.-in-chief at 9 (emphasis in original). Thus, according to Appellant, since JC Hillard Williams and Helen Marie Williams were referred to as "Trustor" of the Trust, then the Trust may only be amended with the participation of both husband and wife. We disagree. Once husband passed away, wife was the Trustor of the Trust. In addition, the Trust does not contain an express provision making it an irrevocable trust during the life of either or both settlors. We hold that, in accordance with the plain language of 60 O.S. § 175.41, the JC Hillard Williams and Helen Marie Williams Revocable Living Trust was a revocable trust until both husband and wife passed away, at which time the assets of the Trust were required to be distributed to the beneficiaries. R. at 17.

CONCLUSION

¶8 Title 60 O.S. § 175.41 explicitly states that all trusts are revocable by the trustor unless expressly made irrevocable by the terms of the trust. The Trust does not include any provision that would make it an irrevocable trust after one of the Trustors passes away. As a result, we affirm the decision of the trial court and find that the amendments to the Trust are valid.

GOREE, P.J. and MITCHELL, J., concur.

FOOTNOTES

[1] The authority cited by Appellant includes L'Argent v. Barnett Bank, N.A., 730 So.2d 395 (Fla. App. 1999), Provost v. Justin, 19 So.3d 333 (Fla. App. 2 Dist. 2009), Williams v. Springfield Marine Bank, 475 N.E.2d 1122 (Ill. App. 4 Dist. 1985), In re Soloman's Estate, 2 A.2d 825, 332 Pa. 462 (Pa., 1938) and In re Race's Trust, 169 N.Y.S. 2d 600, 9 Misc. 2d 155 (1957).






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2005 OK CIV APP 85, 123 P.3d 808, PAUL v. ARVIDSON
Discussed
 2014 OK CIV APP 42, 325 P.3d 26, SMITH v. SHELTER MUTUAL INSURANCE CO.
Discussed
 2017 OK CIV APP 47, 419 P.3d 298, CHANDLER v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1956 OK 9, 294 P.2d 579, MISSOURI, KANSAS-TEXAS RAILROAD CO. v. DIST. COURT
Discussed
 1968 OK 116, 444 P.2d 816, MORRISON v. ARDMORE INDUSTRIAL DEVELOPMENT CORP.
Discussed
 1979 OK 81, 598 P.2d 1193, MATTER OF HOME-STAKE PRODUCTION CO., ETC.
Discussed
 2018 OK 59, 427 P.3d 1052, HALL v. GALMOR
Discussed
 2020 OK 97, 477 P.3d 1133, REVOLUTION RESOURCES v. ANNECY
Discussed
Title 60. Property
 Cite
Name
Level

 60 O.S. 175.41, Revocation of Trust by Trustor
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA