HANS ANGER *et al.*, as Trustees, Plaintiffs-Appellants, *v.* GOSWIN BENDER, Defendant-Appellee.·

(No. 61257; )

First District (3rd Division)—August 21, 1975.

Palmer, McHugh, Muldoon & Blackman, Ltd., of Chicago (Frank J. Penna, of counsel), for appellants.

Rooks, Pitts, Fullagar and Faust, of Chicago (William D. Murray and John V. Ryan III, of counsel), for appellee.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs, trustees of a private pension trust and of two employee trust and profit-sharing plans, filed a two-count complaint for declaratory judgment in the circuit court of Cook County. Count I of the complaint, at issue in this appeal, was brought against defendant, Goswin Bender, a former employee of Superior Lift Parts, Inc., and Elektro-Hydro, Inc., and sought a declaratory judgment that Goswin Bender had forfeited all rights and benefits in the above pension trust and profit-sharing plans as a consequence of his disloyalty to his former employers. Count II of

the complaint, brought against another employee, is not at issue in the instant appeal. Pursuant to defendant's motion, the trial court dismissed Count I of the complaint with prejudice. After approving a payment plan submitted by plaintiffs, the trial court ordered plaintiffs to deposit the funds owed at a named bank with payments to commence on October 1, 1974. Plaintiffs now appeal.

The issues presented by plaintiffs on appeal are: (1) whether or not the trial court erred in dismissing Count I of the complaint; and (2) whether or not defendant has forfeited his rights and benefits, if any, in the above pension trust and profit-sharing plans.

We affirm.

Count I of the complaint for declaratory judgment alleges that defendant was employed by Superior Lift Parts, Inc. on July 1, 1969, and by Elektro-Hydro, Inc., on October 1, 1970, and continued to be so employed until August 4, 1973, when defendant terminated his employment with both the above employers. Count I further alleges that defendant was elected vice-president and a director of both Superior Lift Parts, Inc., and Elektro-Hydro, Inc.; that while employed by the above employers, defendant became a member of both the Elektro-Hydro, Inc., and Superior Lift Parts, Inc., employee trust and profit-sharing plans and further eligible to participate in the Intrupa Manufacturing and Associates Pension Trust; and that after defendant terminated his employment he demanded payment of all amounts due him under the above profit-sharing plans and pension trust. Plaintiffs then set out in Count I the following provision contained in each of the two profit-sharing plans and in the pension trust:

> "Any member who shall be discharged from the employment of the company for cause shall not be entitled to any portion of his share in the funds. Discharge 'for cause' shall consist of discharge for any of the following reasons: proven dishonesty resulting in financial detriment to the company, proof of selling or giving away confidential company information, or for misconduct of a serious nature determined in accordance with rules uniformly applied."

Count I further quoted a provision of the Intrupa Manufacturing and Associates Pension Trust which, addressing itself to the purpose of said trust, states "to reward eligible employees for their loyal and faithful service by providing life-time retirement benefits for those eligible employes who shall be employed by the employer at the time of their attaining retirement age."

Count I then went on to allege that while defendant was a director, officer and employee of Elektro-Hydro, Inc., and Superior Lift Parts, Inc., he violated his fiduciary obligation to said employers. As evidence of such

a violation, plaintiffs alleged, *inter alia*, that defendant had taken confidential information and trade secrets of Superior Lift Parts, Inc., and Elektro-Hydro, Inc., and had made them available to a competitor, Uni-Parts, Inc., which had been formed by defendant during his employment with Superior Lift Parts, Inc., and Elektro-Hydro, Inc., and during his association with Intrupa Manufacturing and Associates, Inc.; that defendant had misled his employers in order to benefit the competitor, Uni-Parts, Inc.; that defendant had converted his employers' customers to be customers of Uni-Parts, Inc.; and that defendant had interfered with the employers' business relationships with employers' suppliers.

In response to Count I of plaintiffs' complaint for declaratory judgment, defendant filed a motion to dismiss in which he admitted having terminated his employment with Elektro-Hydro, Inc., and Superior Lift Parts, Inc. In said motion defendant also cited certain provisions from each of the profit-sharing plans and the pension trust. From the Elektro-Hydro, Inc., Employee Trust and Profit Sharing Plan defendant cited a provision which states that "[a]ny member who voluntarily resigns prior to reaching the age of fifty-five (55) years shall receive 100% of the amount then credited to his account balance * * *." Defendant further cited a provision of the Superior Lift Parts, Inc., Employees Trust and Profit Sharing Plan which provides that "[a]ny member who voluntarily resigns prior to reaching the age of fifty-five (55) years, and prior to the completion of nine (9) full years as a member of the plan, shall be entitled to receive * * * [a certain] percentage of the amount then to his credit in his account." From the Intrupa Manufacturing and Associates Pension Trust defendant quoted the following provision: "In the event of termination of employment of an employee for any reason other than death or disability prior to retirement, he will be fully 100% vested and entitled to the value of his retirement account."

Plaintiffs responded to defendant's motion to dismiss with the affidavit of Hans Anger, a trustee of each of the profit-sharing plans and pension trust in question and one of the plaintiffs in the instant case. In his affidavit, Hans Anger stated, *inter alia*, that had defendant's alleged misconduct been discovered prior to defendant's termination, defendant would have been discharged for cause.

Plaintiffs contend in this appeal that the trial court erred in dismissing Count I of the complaint and argue that defendant has forfeited his rights and benefits, if any, in the pension trust and profit-sharing plans mentioned in the complaint. In respect to the profit-sharing plans of Elektro-Hydro, Inc., and Superior Lift Parts, Inc., plaintiffs point out in their brief that defendant was an officer and had a higher degree of fiduciary obligation than an ordinary employee. Plaintiffs further argue that de-

fendant's termination of employment was not voluntary because he had no alternative but to leave before his alleged acts of misconduct were discovered, at which time defendant would have been discharged for cause. With respect to the Intrupa Manufacturing and Associates Pension Trust, plaintiffs point to the allegation in the complaint that said pension trust had been set up "to reward eligible employees for their loyal and faithful service" and argue this provision constitutes a divestiture clause with respect to those employees who terminate their employment and are then discovered to have been disloyal in their service to the employer.

Plaintiffs further point out that each of the plans involved are noncontributory and argue that they are in the nature of a reward to loyal employees. Plaintiffs urge this court to broadly construe the rules applying to discharge in the instant case and contend that to do otherwise would allow defendant to reap a benefit by concealing his alleged acts of misconduct and then quit before he is caught.

■■■ While we are sympathetic to plaintiffs' arguments, we believe that under the terms of the particular profit-sharing plans and pension trust involved in the instant case, the trial court ruled correctly in dismissing Count I of the complaint. Defendant's rights under the pension trust and profit-sharing plans should be determined in accord with the provisions of each particular plan. (See *Hurd v. Illinois Bell Telephone Co.* (7th Cir. 1956), 234 F.2d 942; *Cowles v. Morris & Co.* (1928), 330 Ill. 11, 161 N.E. 150; *Genevese v. Martin-Marietta Corp.* (E.D. Pa. 1969), 312 F.Supp. 1186.) As stated by defendant in his motion to dismiss and as indicated by the record, each of the profit-sharing plans and pension trust contained a provision which entitled defendant to any monies owing him if he terminated his employment. The only provision which would operate to divest defendant of monies credited to his account is the provision which divests employees discharged for cause. In the case at bar, it is undisputed that defendant terminated his employment and was not discharged for cause. Moreover, the provision in the Intrupa Manufacturing and Associates Pension Trust which states that the purpose of said trust is to reward employees for their loyal and faithful service does not operate to divest defendant of amounts due him under said pension trust. This statement of purpose does not even address itself to the issue of divestment. Even if the above statement of purpose involved an issue of interpretation, pension plans are to be liberally construed in favor of the employee. (*Frietzsche v. First Western Bank & Trust Co.* (1959), 168 Cal. App.2d 705, 336 P.2d 589; *Forrish v. Kennedy* (1954), 377 Pa. 370, 105 A.2d 67; *Thornbery v. M.G.S. Co.* (1970), 46 Wis.2d 592, 176 N.W. 2d 355.) Liberally construing the above pension trust which contains a

specific provision which vests funds in defendant's account if he resigns, and in light of the fact that it is undisputed that defendant did terminate his employment, we conclude that the above statement of purpose cannot operate to divest defendant of amounts due him under the pension trust.

Determining defendant's rights under each of the profit-sharing plans and the pension trust in accord with the provisions contained therein, we conclude that the defendant is entitled to the amounts due him under each plan and accordingly affirm the order of the trial court dismissing Count I of plaintiffs' complaint for declaratory judgment.

Order affirmed.

McNAMARA and MEJDA, JJ., concur.