EVANS v. FIRST NAT. BANK OF STILLWATER.

No. 33054.    April 20, 1948.

*192 P. 2d 666.*

Walter Mathews, of Cushing, for plaintiff in error.

Guy L. Horton, of Stillwater, for defendant in error.

ARNOLD, J.    Action by Charles M. Evans, executor of the estate of Alexander Evans, deceased, against First National Bank of Stillwater, Oklahoma. Judgment for defendant, and plaintiff appeals.

This appeal brings to this court a sequel to the case of Charles M. Evans, Executor, v. First National Bank of Stillwater, Oklahoma, 193 Okla. 665, 146 P. 2d 111, in which this court determined that a trust agreement between Alexander Evans and First National Bank of Stillwater was valid and that the same was entered into by parties competent to contract. That opinion became final February 29, 1944, and the present action was commenced August 25, 1945.

Plaintiff's petition alleged, in substance, that by the terms of the trust agreement between Alexander Evans, deceased, and the defendant herein, said defendant was directed and required to erect out of the trust fund in his hands a headstone at the grave

of Alexander Evans, deceased, which it failed to do, and that by reason thereof, plaintiff was compelled to purchase and have erected a headstone at said grave at a cost of $239.50, for which sum so expended he prayed judgment of reimbursement against the defendant. The trust agreement sustained by this court in the former appeal was attached to and made a part of plaintiff's petition as an exhibit.

For its answer, defendant alleged that at the date of the death of Alexander Evans, August 25, 1941, there remained in its hands of the original trust fund the sum of $492.65; that in the performance of its trust it paid out for miscellaneous items for the care and maintenance of the settlor, $39.50, for funeral expenses $112.62, for attorneys' fees in defending the trust in the district and Supreme Courts, $230.03, for printing the brief on appeal, $25.50, and for trustees' compensation as provided in the trust agreement, $85; and that these expenditures exhausted said trust fund in accordance with the terms and directions thereof.

Plaintiff replied by general denial and further alleged that a balance of the trust fund in the hands of the trustee at the death of the settlor could not be used for the payment of attorneys' fees and trustees fees after the death of the settlor so as to defeat the intention of the settlor that a headstone should be erected at his grave from said fund.

The parties will be herein referred to by their trial court designations.

For reversal of the judgment, plaintiff contends:

First, that the trial court erred in denying him a jury trial for the reason that the action simply sought the recovery of a money judgment.

Second, that paragraphs 6 and 8 of the trust agreement are subordinate to paragraph 4 and that the agreement in these respects being ambiguous, defendant was entitled to have a jury pass upon the question.

Paragraphs 4, 6, and 8 of the trust agreement, which plaintiff claims make the contract ambiguous, are as follows:

"(4) The said trustee is directed on the death of the Settlor to pay out such sum from the trust fund remaining, not to exceed $500.00, as it may deem reasonably necessary and proper for the burial of the Settlor and the purchase of a headstone for the grave, provided the trust funds have not previously been expended in items two and three. In the event the said trust funds are insufficient to pay for the complete expense of burial and a headstone, then the trustee is directed to pay the balance remaining on the expense of burial and a headstone.

"(6) The said Settlor further directs the trustee to employ attorneys at law at its own discretion and to pay the same to defend the said trust from any action at law or in equity, and to further employ and pay such counsel to defend the Settlor in any action brought to set aside the trust either in whole or in part or declare the Settlor incompetent to make the said trust.

"(8) The said Settlor further directs that the trustee take as compensation the sum of $2.50 monthly plus a charge of fifty cents for each check cashed on said trust fund together with reimbursement for any expense necessarily incurred in the discharge of this said trust."

We think it quite clear from the allegations of plaintiff's petition and the exhibit thereto and the allegations of defendant's answer, that the issue presented to the trial court was as to the intention of the parties in entering into the trust agreement and an interpretation of the language used to express that intention. This presented purely a question of law for the court's determination under the provisions of 12 O.S. 1941 §556. The reasonableness or unreasonableness of the attorneys' fees would be immaterial in a determination of the issue raised if the court determined that such expenditure was

within the intention of the parties and authorized by the contract which they made.

In its interpretation of the trust agreement, the trial court determined that there was no conflict between paragraphs 4, 6, and 8, and that no ambiguity existed. The contract for employment of an attorney having been entered into by the trustee under the terms of the trust agreement during the lifetime of the settlor, the payment of such fees after the death of the settlor was not an unauthorized expenditure of the trust fund. We think this determination of the trial court was correct.

It is stated in plaintiff's brief herein that the cost of the headstone, which he caused to be erected, was paid for from funds of the estate other than the trust fund. The estate of the deceased was liable for funeral expenses, and under the facts disclosed by the record here, no right of reimbursement existed in favor of the executor.

We think the judgment of the trial court was correct upon the issues raised by the pleadings and the same is accordingly affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, and LUTTRELL, JJ., concur.