**In the Matter of the Administration of the HOME–STAKE PRODUCTION COMPANY DEFERRED COMPENSATION TRUST.**

**Herbert R. SMITH, Glenn E. Wood, and Samuel V. Shaw, Trustees of the Home-Stake Production Company Deferred Compensation Trust, Appellees,**

v.

**Robert S. TRIPPET, Donald C. Larrabee, Frank E. Sims, Royce H. Savage, Trustee in Bankruptcy for Home-Stake Production Company, and John Doe, Appellants.**

No. 50944.

Supreme Court of Oklahoma.

June 5, 1979.

Rehearing Denied Sept. 10, 1979.

A. F. Ringold, Donald R. Bradford, Tulsa, of Rosenstein, Fist & Ringold, for appellees.

Sneed, Lang, Trotter, Adams, Hamilton & Downie by James C. Lang, Tulsa, and Stroud & Smith by David A. Ives, Dallas, Tex., for appellants.

HARGRAVE, Justice:

This equitable action was originally filed in the District Court of Tulsa County pursuant to 60 O.S.1971 § 175.23 on November 1, 1973, seeking court supervision of the administration and distribution of the assets of the Home-Stake Deferred Compensation Trust by the trustees thereof: Herbert R. Smith, Glenn E. Wood and Samuel V. Shaw. As amended May 8, 1975, the petition alleges that under Article V, § 5.07 of the trust agreement, the defendants, Robert S. Trippet and Frank E. Sims should forfeit the entire amount of the funds held in the trust to their account by reason of dishonesty and conduct determined by the trustees to have been grossly injurious to the Home-Stake Production Company. The trustees requested an order approving their determination of forfeiture and did receive court approval; this appeal ensues.

The intervening defendant, Home-Stake Production Company, was granted permission to intervene and filed its cross-petition alleging that it was entitled to the assets of the trust to the exclusion of all beneficiaries alleging it had been fraudulently induced to create the trust and make subsequent contributions thereto by certain members of its Board of Directors.

The errors assigned for review by the appellant Trippet and addressed in his brief are that the trial court erred in failing to find that Trippet ceased to be an employee under the terms of the trust agreement on December 31, 1972, when he ceased drawing a salary and that the trust instrument vests his interest irrevocably at that time. Trippet's employment with all phases of the corporation was terminated to further the transition of the company to new management on July 16, 1973 and the trust was terminated the next day. The appellant contends that under provision 10.03 of the trust instrument all participants' interests irrevocably vested upon termination of the trust and the trustees then had no power to subsequently determine a forfeiture of appellants' interest but had only the authority to pay the beneficiaries' interests as they appeared on the date of the trust's termination. The clear language of the trust instrument bears out these contentions and mandates reversal of the lower court, therefore we do not address the argument made by appellant that his trust benefits vested at the time he ceased drawing a salary.

The Home-Stake Production Company Deferred Compensation Trust was adopted by the company in 1963. The defendant Trippet was an employee of Home-Stake and a participant in the trust. In June of 1973, a two year search for Trippet's successor ended with the selection of Mr. Robinson as a director. A month later on July 16, 1973, at a meeting of the directors of the company, Trippet was removed as an officer in order "to further the transition of the company to the new management so that employees would have a better understanding as to the lines of responsibility for management and control of the corporation". The directors adopted the following resolution at this meeting.

"RESOLVED that R. S. Trippet be and he is hereby terminated as "Chairman of the Company" and he is removed from any and all positions as an officer which he may have heretofore held with the Company or any of its subsidiaries."

This July 16th directors meeting was continued until the next day when the directors voted to terminate the trust and distribute the assets according to the terms of the trust agreement. At this meeting Trippet resigned his remaining post as a director effective immediately and that resignation was accepted "with regrets". On October 1, 1973, Trippet was removed from the position of trustee of the Deferred Compensation Trust. Thirty days after his removal as trustee, Trippet was notified by a letter from the Trustees that he was deemed to have forfeited all of his interests under the trust instrument, by virtue of the Trustees' determination that he had "engaged in conduct which was grossly injurious to the company". A year and six months after receipt of this letter, the trustees of the previously terminated trust passed a resolution echoing the tenor of the Trustees' letter. This trustees' resolution was passed a year and five months after this action was instituted in district court and about a month prior to the filing of the amended petition herein.

The trial court's findings set out in the Order of July 1, 1977, included these facts:

(2) The interest of Trippet in the trust was subject to forfeiture in the event his employment by the company was terminated prior to termination of the trust by reason of dishonesty or conduct grossly injurious to the company.

(3) The trustees complied in all respects with § 5.07 of the trust instrument in determining that Trippet was terminated on July 16, 1973 by reason of dishonesty, etc.

(6) . . . Trustees . . . were not obligated to rely solely on the statements contained in the corporate minutes to determine the actual cause of Trippet's termination of employment.

The court's finding number 3 to the effect that the trustees complied with § 5.07 of the trust agreement assumes that the trustees had the authority to determine that the actual reason for Trippet's termination did not correspond with the reasons stated in the minutes of the directors meet-

ing. While there is no reason to doubt the trustees' authority under the trust agreement to make an independent investigation, the effectiveness of that determination as a divestiture of vested rights under the agreement ignores other provisions of the agreement relating to the time that determination could effectively be made. Article X, § 10.03 of the trust instrument provides:

"Promptly upon the termination of this trust the trustees shall deliver to each of the participants, all cash, contracts and other assets held for his benefit and thereupon the trustees shall have no further rights, title or interest therein . ."

"If for any reason this trust shall be terminated the rights of each participant shall immediately be *fully vested* in all assets held for his benefit."

Article V, § 5.07 provides for the forfeiture of a participant's benefit if he is terminated by reason of dishonesty or conduct grossly injurious to the company. The resolution adopted July 16, 1973, at the Board of Directors meeting gave no reason for the termination. The minutes of that meeting reflect Trippet's termination as an officer was to further the transition of the company to new management. We have found no indication in the record that *at the time* of *his* termination the dismissal was *for any* reason other than that stated in the minutes. Witnesses testified that the minutes of the July 16th directors' meeting accurately reflect what transpired at that meeting and also that no mention was made of fraud or conduct injurious to the company. Additionally Trippet was requested to stay in an advisory capacity and also to help administer the assets of the trust. It defies comprehension that had Trippet's termination been for dishonesty, the same directors that terminated him would ask him to stay on and help administer the trust.

The trustee's charge that Trippet had been terminated by reason of dishonesty first arose nearly three months after Trippet had been discharged as an officer and the trust had been terminated. Article X, § 10.03, viewed in the light of the fact no indication of a charge of employee malfea-

sance arose until after termination of the trust, requires this Court to hold the court below erred in finding the trustees regularly pursued their duties and authority granted in the trust instrument. The provision of Article X, § 10.03 expressly provides that, "if for any reason this trust shall be terminated the rights of each participant shall immediately be fully vested in all assets held for his benefit *without regard to Article V herein*". The emphasized portion of the trust agreement specifically excludes operation of Article V distributions, in the instance where the trust is terminated. In Article V at § 5.04(a) is found the provision for termination of benefits in instances where the employee engaged in bad faith conduct against the company which the trustees enforced after the trust was terminated.

Inasmuch as there is no indication in the record of even so much as discussion of termination grounds under § 5.04 until after the trust had terminated and Trippet's interest had fully vested under Article X, § 10.03 and the trustees, by express provision of the trust, had no right, title or interest notwithstanding the provision of Article V, the Court can reach no other conclusion but that the trustees had no authority to make a determination of forfeiture for bad faith conduct after termination in light of the basic premise that where there is no ambiguity and the language of a declaration of trust is clear and plainly susceptible of only one construction, the plain provisions of the trust instrument must determine its construction, *Norris v. Jones, 31 F.Supp. 463, Aff. 122 F.2d 6 (Okl. 10 Cir. 1940)*. This elementary concept in addition to the fact that pension plans as well as trust instruments generally are to be construed in favor of the beneficiaries thereof, *Anger v. Bender, 31 Ill.App.3d 877, 335 N.E.2d 122 (1975); Harris Trust and Savings Bank v. Burlingame, 200 Okl. 229, 190 P.2d 1017 (1948)*, require this court to apply the plain language of the trust agreement allowing Trippet to obtain the full amount of his benefits under the plan, as a matter of law. The interpretation of the language of a trust instrument is a question of law for the court. *Evans v. First National*

*Bank of Stillwater, 200 Okl. 248, 192 P.2d 666 (1948).* Here the employee rendered service for the company for almost twenty (20) years. No evidence was given at the trial showing the directors considered any reason for termination other than those stated in the minutes. The trustees' power to forfeit an employee's benefit in the plan possibly expired when he ceased to be an employee on the 16th of July or the preceding January when he ceased receiving a salary. In any event, that authority expired on the 17th of July when the trust was terminated. The trial court's approval of the trustees acts in forfeiting those benefits in the face of clear trust provisions to the contrary is reversed, and the cause is remanded for a determination of the amount to which the defendant is entitled under the trust agreement.

REVERSED AND REMANDED FOR DETERMINATION OF BENEFITS OWED APPELLANT TRIPPET.

IRWIN, V. C. J., and WILLIAMS, BARNES and OPALA, JJ., concur.

LAVENDER, C. J., and HODGES and SIMMS, JJ., dissent.