Martha GRIFFIN, Appellee,

v.

John Watson GRIFFIN, and David F. Griffin, Appellants.

No. 75088.

Supreme Court of Oklahoma.

March 17, 1992.

As Amended May 18, 1992.

Kornfeld & Franklin, Julian P. Kornfeld, and Dennis S. Boxeur, Oklahoma City, for appellee.

Susan Bussey, Norman, for appellants.

DOOLIN, Justice.

The question presented in this appeal is whether an amendment to a written trust agreement should be reformed because of an alleged inadvertent scrivener's error, to reflect the grantor's intent that his trust estate qualify for the maximum possible Federal estate tax marital deduction.

In March 1977, John T. Griffin, as grantor, executed the John T. Griffin Revocable Trust Agreement, naming himself and appellee Martha W. Griffin as co-trustees. As a result of changes to the Internal Revenue Code (IRC), grantor executed the third amendment to his trust agreement in 1984. Grantor's alleged intent was to take full advantage of the recently enacted Qualified Terminable Interest Property

provisions of the Code, which would result in the least possible Federal estate tax being payable from the principal of the trust estate.

Under the terms of the qualified terminable interest property provisions, grantor's surviving spouse would receive a life income interest in all of the income producing assets from grantor's property, and upon her death the life income interest would cease and the property would pass under the terms of grantor's revocable trust. An election to treat the assets in grantor's estate as qualified terminable interest property would greatly reduce the Federal estate tax on grantor's estate.

Upon grantor's death in 1985, his property, other than two specific bequests to his sons—here appellants John W. Griffin and David F. Griffin—was divided into two trusts; Trust A, a marital deduction trust for the benefit of appellee which included the qualified terminable interest election, and Trust B, a non-marital deduction trust for both appellee and appellants. The grantor's intent in amending Trust A, the marital deduction trust, is the issue here on appeal. In the federal estate tax return filed in 1985, the executor of the estate of John T. Griffin elected to treat all property and assets passing to Griffin's surviving spouse and comprising Trust A as marital property qualifying for the Qualified Terminable Interest Property within the meaning as used in Section 2056(b)(7) of the IRC.

After an examination of John T. Griffin's Federal Estate Tax Return, the Internal Revenue Service (IRS), issued a technical advice memorandum informing appellee, Martha Griffin, that the inclusion of certain language in the third amendment to the trust agreement precluded Trust A from qualifying for the Section 2056(b)(7) election (the marital deduction):

... because the surviving spouse's income interest in that trust is contingent upon the fiduciary's election to treat the property as qualified terminable interest property. The spouse's interest being contingent upon the fiduciary's election is not regarded as passing from the decedent to the surviving spouse.

The IRS issued a proposed tax deficiency with interest and penalties. Appellee filed this action seeking to reform the third amendment on the grounds that the questioned language was included only because of a scrivener's error and did not reflect the true intent of the grantor.

The language at issue, highlighted below, is part of Section 1 of Article Four of the trust agreement and provides:

Grantor's executor may elect to have a specific portion or all of Trust A treated as qualified terminable interest property for Federal estate tax purposes.

In making or withholding any such election, the executor shall consider the potential estate taxes on the estate of the grantor and on the estate of grantor's wife, both in the aggregate and individually; **the needs of all beneficiaries, including their other income and means of support known to the executor and the desirability of augmenting their separate estates; and any other circumstances and factors the executor deems pertinent.**

**Any portion of Trust A which is not qualified terminable interest property, and any accrued and undistributed income therefrom, shall forthwith be used to fund or be added to Trust B, to be held and disposed of as a part thereof. The balance of Trust A shall be held and disposed of as hereinafter provided.**

Through her testimony, appellee attempted to show that grantor intended that Trust A qualify for the marital deduction so that she would have a life interest in the income from his property. Appellee admitted that grantor's tax objective in creating Trust A was to make sure that her life income interest be virtually free of Federal estate taxes from that portion of grantor's estate used to establish Trust A.

The disposition testimony of "P", an Oklahoma City attorney consulted by grantor to amend the trust agreement, showed that an associate attorney, now deceased, initially drafted the third amendment containing the disputed language. P's deposition testimony concluded that it was grantor's intent to obtain the maximum benefit of the marital deduction provided by § 2056 of the IRC. P's testimony was corroborated by a letter that he sent to grantor which stated: "Trust A is structured to qualify for the Federal estate tax marital deduction."

Testimony by "J", another tax attorney who reviewed the initial draft prepared for grantor, revealed that she wrote the words "get rid of this" next to the language at issue. This attorney presumed that the IRS might construe the language as being a power of appointment in the executor to transfer assets of Trust A away from the surviving spouse. J's testimony concluded that the inclusion of such language would jeopardize the availability of the marital deduction for Trust A, and would cause the assets to not be qualified for terminable interest property as grantor intended by the third amendment. The trial court granted judgment in favor of appellee by deleting ab initio the emphasized language above.

Appellants argue that since the language of the trust agreement is unambiguous and clearly manifests the grantor's intent, the trial court erred by considering uncorroborated parol evidence and hearsay testimony to show that grantor's intent was contrary to the final trust agreement.[1] Appellants contend further that because no clear and convincing evidence substantiates appellee's contention that a mistake was made in the third amendment, appellee is not entitled to a reformation of the trust agreement. We disagree.

The interpretation of John T. Griffin's Revocable Trust Agreement is a question which must be addressed by state law. In considering the terms of the trust agreement as a whole, this Court may make rulings concerning the grantor's intent which will be binding upon the IRS in its Federal tax litigation pending in the United

---

**1.** 12 O.S. § 2801 (1981), *First National Bank & Trust Co. of Okla. City v. Foster,* 346 F.2d 49 (10th Cir.1965), 598 P.2d 1193 (Okla.1979), *Ollie v. Rainbolt,* 669 P.2d 275 (Okla.1980).

States Tax Court.[2]

We recognize that whether Trust A *actually qualifies* for the marital deduction is a question to be decided under Federal tax law.[3] Nevertheless, in our interpretation of trust agreements, which is clearly a question of state law, we think it appropriate to consider the tax objectives of the grantor in construing his intent with respect to the marital deduction.[4]

█ The remedy of reformation is appropriate where, by reason of an unintentional mistake by scrivener or draftsman, the written agreement, such a trust, does not accurately reflect the intent of the grantor.[5] In *Dennis v. American–First Title and Trust Co.,*[6] this Court was in full accord with the general rule as stated in the earlier case of *Cleveland v. Rankin.*[7]

'Where the agreement, as reduced to writing by a scrivener, omits or contains terms or stipulations contrary to the common intention of the parties, the instrument will be corrected, so as to make it conform to their real intent to the end that the parties be placed as they would have stood, if the mistake had not occurred. But in such case the party alleging the mistake must show exactly of what it consists and the exact correction to be made; that the mistake was mutual or common to both parties (that is, it must appear that both have done what neither intended). On the point, and to justify a correction, the evidence must be full, clear, unequivocal, and convincing as to the mistake and its mutuality. Mere preponderance of evidence is not enough. The proof must establish the facts to a moral certainty and take the case out of the range of reasonable controversy; but it need not be so certain as to go beyond any possibility of controversy.'

█ As we stated in the case of *Cleary Petroleum Corp. v. Harrison,* the theory of reformation requires the plaintiff to show: 1) some instrument representing an antecedent agreement the terms of which instrument should be reformed, 2) mutual mistake or mistake on the part of one and fraud or inequitable conduct on the part of the other, as a result of which the instrument reflects something neither party had intended, and, 3) proof of these elements by clear and convincing evidence.[8]

█ In an action for reformation, parol evidence is admissible to show the parties' intent and mutual mistake. Oral testimony that the writing does not reflect the actual agreement of the parties as intended is not offered to vary or contradict a written agreement, but instead the evidence is offered to show that the final written agreement does not accurately reflect the true agreement of the parties.[9] The death of the associate attorney who prepared the original draft of the trust agreement in this case should not preclude the relief requested as long as the evidence sustains the reformation.

We conclude that the findings of fact made by the trial court in this action of equitable cognizance are to be accorded great consideration, and the judgment rendered is not against the clear weight of the

**2.** See, *Commissioner of Internal Revenue v. Estate of Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967), *In re Dimick's Will,* 531 P.2d 1027, 1030 (Okla.1975), and *Evans v. First Natl. Bank of Stillwater,* 200 Okla. 248, 192 P.2d 666 (Okla.1948). Cf. *Ingram v. Oneok,* 775 P.2d 810, 813–14 (Okla.1989).

**3.** See, e.g., *Morgan v. Commissioner of Internal Revenue,* 309 U.S. 78, 80–81, 60 S.Ct. 424, 426, 84 L.Ed. 585 (1940).

**4.** *Harris Trust & Savings Bank v. Burlingame,* 200 Okla. 29, 190 P.2d 1017, 1019 (1948).

**5.** *Cunnius v. Fields,* 449 P.2d 703, 706 (Okla.1969). See also, *Kerr v. James,* 375 P.2d 907 (Okla.1962), and *Hurst v. Kravis,* 333 P.2d 314 (Okla.1959).

**6.** 405 P.2d 993, 997 (Okla.1965).

**7.** 48 Okla. 99, 149 P. 1131 (Okla.1915).

**8.** *Cleary Petroleum Corp. v. Harrison,* 621 P.2d 528, 533 (Okla.1980).

**9.** See, *Nelson v. Daugherty,* 357 P.2d 425, 432–33 (Okla.1960), and cases cited therein.

evidence.[10] After a careful review of the record we find that the evidence establishes beyond peradventure that as a result of a mistake by a scrivener, grantor's intent for Trust A to qualify for the Federal marital deduction is not accurately reflected in the third amendment. We find sufficient evidence to support the judgment of the trial court.

The record reveals that an antecedent agreement was offered to show that there was an unintentional inclusion of language in the final trust agreement. Instead of following the advice of another tax attorney, who wrote the words "get rid of this" next to the questioned language in the draft copy of the trust agreement, the scrivener through error, did not accurately reduce the written agreement to reflect the true intention of the grantor or the agreement of the parties. The undisputed testimony of tax attorney J, the letter of the attorney ("P") whom grantor consulted to draft the third amendment, and the admissions of the executor of grantor's estate in filing the 1985 Federal estate tax provide ample support that grantor's overwhelming intent was to assure that Trust A qualify for the federal estate tax marital deduction.

We conclude, as did the trial court, that grantor executed the third amendment to his trust agreement with the primary intention of obtaining the maximum federal estate tax marital deduction allowable in computing federal estate tax on the grantor's estate. Having met the requirements to justify the reformation of the trust agreement, the language included in Section One of Article Four, as a result of the scrivener's error, should be deleted as done by the trial court to reflect the grantor's intent concerning Trust A's qualification for the deduction.

The judgment of the trial court is AFFIRMED.

LAVENDER, SIMMS, ALMA WILSON, JJ., and RONALD J. STUBBLEFIELD and W. KEITH RAPP, Special Justices, concur.

10. *Matlock v. Wheeler,* 306 P.2d 325 (Okl.1956), *Matter of Estate of Crowl,* 737 P.2d 911

OPALA, C.J., and HARGRAVE, J., dissent.

RONALD J. STUBBLEFIELD and W. KEITH RAPP, S.JJ. sitting as special justices in lieu of KAUGER and SUMMERS, JJ., who certified their recusal.