Glenn E. THOMPSON, Vernon Roberts and Brian E. Roberts and Heatherly Mining, Inc., Appellees,

v.

ESTATE OF H. H. COFFIELD, Appellant.

No. 79716.

Supreme Court of Oklahoma.

Feb. 28, 1995.

As Corrected on Denial of Rehearing May 16, 1995.

Dean E. Warren, Hamilton, Warren & Bovos, Poteau, for appellant.

Susan H. Jones, Poteau, for appellee.

SUMMERS, Justice:

This is a lawsuit between the Seller and Buyers of land over the right to royalty proceeds from unrecorded coal mining leases. The parties had earlier exchanged a deed. Certain language in the deed supported Buyers' position. The trial court refused to consider Seller's offer of parol evidence which was at variance with the language in the deed. The court then denied Seller's counterclaim to reform the deed, instead quieting title to the disputed mineral interest in favor of the Buyers. Seller appeals. We reverse and remand.

Here are the basic facts. The estate of H.H. Coffield owned the LeFlore County property. The executors executed several coal leases in favor of Heatherly Mining, Inc. Although the leases were confirmed by the probate court, they were not recorded with the County Clerk. (The leases provided they would not be recorded, in order to keep confidential the terms of the leases.)

Months later the estate, referred to as Seller, through its executors, commenced negotiations to sell the LeFlore County land, some 4000 acres, to Thompson, Roberts, and Roberts, referred to as Buyers. In December of 1989 an agreement was reached, and the property was sold subject to several mineral interest reservations. The deed reserved in Seller a non-participating royalty interest in one-half the minerals. The deed also stated that all mineral interests covered by a "valid, recorded lease" shall not vest in the Buyers until the expiration or termination of such lease. The deed further stated that as for top leases, validly recorded or confirmed by the probate court, the mineral interest covered shall not vest in the Buyers until the expiration or termination of the leases.

It was the argument of the Buyers, both at trial and on appeal, that because the coal leases in question were not recorded, one-half the mineral interests affected by those leases were transferred to the Buyers at the time of the sale rather than at the expiration of the leases. Buyer thus claims one-half the coal royalty due under the unrecorded leases, a sum in excess of $40,000 at trial time. Seller, on the other hand, claims it was understood that Seller would retain 100% of the royalty interest under all existing leases until the leases expired. Buyer urges that any knowledge of the unrecorded leases, as well as evidence of oral agreements between the parties regarding these leases, cannot be considered by the trial court, since parol evidence may not be introduced to show that the parties intended something other than the exact words set forth in the written contract.

Seller urges that reformation of the deed is required because the deed did not conform

to the negotiations, intent and knowledge of the parties. It claims that during negotiations, and at the confirmation of the deed before the probate court, the parties discussed the coal leases which had not been recorded, but had been confirmed by the probate court. Seller urges that it was always the intent that the mineral interests covered by these leases remain vested in Seller until the expiration or termination of the leases. Seller also claims that Buyer was aware and had full knowledge that the leases had not been recorded, and was aware that Seller intended for the minerals covered by the leases to remain with Seller until the leases expired or terminated.

The trial court overruled Buyer's motion for summary judgment, but sustained Buyer's motion in limine denying admissibility to any evidence regarding the negotiations and knowledge of the parties. The excluded evidence included District Court proceedings on confirmation of the sale on February 20, 1990. The transcript of this proceeding contains several statements consistent with Seller's version of the deal, including this statement by Seller's attorney, explaining to the judge the terms of the sale the judge was being asked to confirm:

> "Now, for all of the existing leases, including some leases I'm going to describe in a minute, if there is production under the existing leases, then the estate and its beneficiaries would retain the right to receive 100 percent of all the monies paid on account of oil, gas, or coal production, on account of any lease in current force and effect. . . ."

Buyer Thompson was personally present at that hearing, representing himself and Buyer Vernon Roberts.

Because this evidence was outside the four corners of the deed the trial court ruled it inadmissible. The case was then presented to the trial judge under written stipulations and offers of proof. The court held in favor of the Buyers. Seller appealed and the Court of Appeals affirmed. We have granted certiorari.

■ Seller urges that the trial court erred in failing to find that (1) the deed was ambiguous, and (2) that parol evidence is admissible in an action for reformation of a deed. Buyers defend by stating that (1) there is no ambiguity in the deed and (2) that the Sellers could not meet their burden of "clear and convincing evidence" to show that reformation is warranted, so parol evidence is inadmissible. The Court of Appeals affirmed, agreeing that the deed was not ambiguous, but did not address the Seller's counterclaim for reformation. We do so now.[1]

■ Seller, in its counterclaim, asserts that the deed should be reformed to reflect the true intent of both parties. Title 15 O.S.1991 § 156 provides that a written agreement may be reformed when through "fraud, mistake, or accident" the agreement does not express the real intentions of the parties. *See also Cinco Enterprises, Inc., v. Benso*, 890 P.2d 866 (Okla.1994); *Crockett v. McKenzie*, 867 P.2d 463, 467 (Okla.1994). Even if the contract is free from ambiguity, reformation may be proper if it is shown there existed fraud or mutual mistake. *Garrett v. Pollack*, 299 P.2d 516, 519 (Okla.1956) quoting *National Fire of Hartford Ins. Co. v. McCoy*, 239 P.2d 428 (Okla.1951) (syllabus).

■ "Reformation of a written instrument will be decreed when the words that it contains do not correctly express the meaning that the parties agreed upon, as the court finds to be convincingly proved." *Corbin on Contracts*, § 614 (1960). Reformation is a remedy to make a written contract conform to the antecedent expressions on which the parties based their agreement, and insofar as the written document differs from these antecedent agreements, it will be reformed. *Id.* To obtain reformation, Seller must show an (1) instrument representing an antecedent agreement which should be reformed, (2) mutual mistake or mistake by one party and inequitable conduct on the part of the other, which results in an instrument that does not

---

1. The Court of Appeals found it unnecessary to address the issue of reformation. No reasoning or authority is cited for this conclusion.

reflect what either party intended,[2] and (3) proof of these elements by clear and convincing evidence. *Griffin v. Griffin*, 832 P.2d 810, 813 (Okla.1992); *Cleary Petroleum Corp. v. Harrison*, 621 P.2d 528, 533 (Okla. 1980). In the absence of mutual mistake or unilateral mistake plus inequitable conduct, the equitable remedy of reformation will not stand. *Cleary*, 621 P.2d at 533; *see also Albert & Harlow, Inc., v. Fitzgerald*, 389 P.2d 994, 997 (Okla.1964).

 In an action for reformation of a contract, "parol evidence is admissible to show the parties' intent and a mutual mistake." *Griffin*, 832 P.2d at 813; *Fabbro v. Reese*, 206 Okla. 655, 246 P.2d 324, 325 (1952) (syllabus). The parol evidence rule is not applicable in suits for rescission or reformation of contracts. *Williston on Contracts*, § 631 (3d Ed.1961). The extrinsic evidence is not admitted to contradict the written instrument, but to show that the final writing did not reflect the true agreement of the parties. *Id.; Nelson v. Daughterty*, 357 P.2d 425, 432–33 (Okla.1960); *see generally Corbin on Contracts*, § 580 (1960). The evidence needed to sustain an action for reformation must be clear and unequivocal, but need not be uncontradicted. *Nelson*, at 432; *Harrell v. Nash*, 133 P.2d 748, 750 (Okla. 1942).

In the present case, the trial court excluded all extrinsic evidence relating to the prior discussions or agreements and court proceedings between the parties, even though the Seller sought reformation. Seller points out that in one court proceeding Seller's interpretation of the deed was explained to the probate court in the presence of Buyers, and Buyers apparently acquiesced in Seller's interpretation. Buyers urge that this is irrelevant.

Without making a determination as to whether the evidence Seller might present is sufficient to meet the high burden of proof required to obtain reformation, we hold that the trial court erred in failing to consider such evidence. Regardless of whether the evidence is conflicting, it should, according to

Oklahoma law, be considered when the equitable remedy of reformation is sought. *See Cinco, supra; Crockett, supra.* Buyers urge that the Seller's evidence does not meet the high burden of proof required for reformation. This argument is one to be presented to the trial court after Seller has had the opportunity to present its case.

The Court of Appeals' opinion is vacated. This cause is reversed and remanded to the trial court for further proceedings consistent with the views expressed herein.

ALMA WILSON, C.J., and LAVENDER, HARGRAVE, OPALA and WATT, JJ., concur.

KAUGER, V.C.J., concurs in result.

HODGES and SIMMS, JJ., dissent.

---

**2.** One party's mistake is not sufficient to warrant reformation. *Fessler v. Fariss*, 304 P.2d 332