**Mary Ann ANGIER, Appellant,**

v.

**MATHEWS EXPLORATION CORPORATION, an Oklahoma Corporation, Appellee.**

**No. 84287.**

Court of Appeals of Oklahoma, Division No. 3.

Aug. 22, 1995.

Rehearing Denied Sept. 26, 1995.

Galen E. Ward, Norman, for Appellant.

Stanley M. Ward, Norman, for Appellee.

## OPINION

HANSEN, Judge:

Appellant, Mary Ann Angier (Angier), is the surface owner of a parcel of land in Cleveland County. She executed a "Right of Way and Damage Release Agreement" (the Agreement) in favor of Appellee, Mathews Exploration Corporation (Mathews) to permit Mathews to build a road over her land to drill a well on adjoining property. The trial court, without a jury, determined Mathews breached the Agreement by locating the entry way for the access road at the southeast corner of Angier's lands rather than the northeast corner as provided in the Agreement. The trial court awarded Angier damages based upon Mathews' taking of an excessive amount of her land ($2,050.00) and "reformed" the Agreement to provide for monthly payments to Angier for the use of the road during the well's production of $183.33 per month, instead of the stated $100.00 per month. On appeal, Angier contends the trial court erred by failing to issue a permanent injunction, by reforming the Agreement, by failing to award damages for

destroyed trees, nuisance, inconvenience and annoyance, by failing to assess punitive damages and by failing to award her attorney's fees.

Angier brought this action stating six "causes of action" in her petition: cancellation of contract due to misrepresentation, breach of contract, private nuisance seeking damages, private nuisance seeking abatement, punitive damages for tortious breach of contract [1], and permanent injunctive relief based on continuing trespass. After a hearing, the trial court denied injunctive relief finding the evidence insufficient to establish ongoing irreparable harm and set the action for non-jury trial. At the conclusion of Angier's case in chief, Mathews demurred and the trial court sustained the demurrer on each of Angier's causes of action except for breach of contract and punitive damages.

The Agreement granted Mathews the right of ingress and egress across Angier's property for the purpose of building a road to an oil and gas well on adjacent land in consideration of $2,000.00. The Agreement provided: "The road will cross the PROPERTY from east to west following the North line of said PROPERTY as shown on the attached Exhibit "A" and will narrow from the "turn-in" to a width of approximately 30 feet." If the well was completed as a producer, Mathews was required to maintain the road in good condition and pay Angier $100.00 per month for the use of the road, so long as the well produces. The Exhibit attached to the Agreement shows the road would cross Angier's property along the north line of the property, with the entry to the property on the northeast corner. Mathews built the entry on the southeast corner, then built the road from that entry north, to the north part of her property, and then west across the length of her property.

Although Mathews was in substantial compliance with the Agreement with respect to the width of and location of the east/west portion of the road, the trial court determined Angier was damaged by Mathews' breach by placing the entry in the southeast corner, which necessitated a north/south section of roadway which was not contemplated by the parties. The trial court found that Mathews made the decision to locate the entry way on Angier's land in the southeast corner based on economic and practical considerations but that Mathews made no attempt to obtain Angier's approval of this modification of the Agreement.

The court determined the fair market value of the property had not been diminished, but Mathews had taken 1.10 acres for the road when the original agreement contemplated .6 acres. Based on the amount of consideration paid for the contract, the trial court calculated damages on this excess taking at $2,050.00. Because of the extra land Mathews used, the trial court increased the fair rental value provided in the Agreement for use of the road during the production of the well, from $100.00 per month for .6 acres to $183.33 per month for 1.10 acres. The trial court determined the evidence was insufficient to show Angier suffered any damage for destruction of trees and that tree damage had been contemplated in the Agreement, and was insufficient to award damages for nuisance, inconvenience and annoyance.

■ Angier asserts the trial court erred in denying her request for a permanent injunction based on continuing trespass. She admits in her Application for Permanent Injunction that she has a legal remedy for damages for Mathews' wrongful *placement of the road*, but argues she suffers irreparable damage by Mathews' *use* of the road. Angier did not seek *mandatory* injunctive relief requiring Mathews to remove the unauthorized portion of the road.

The Restatement (Second) of Torts, § 158, Liability for Intentional Intrusions on Land, provides:

One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally

---

1. "A plea for punitive damages is generally considered to be an element of recovery of the underlying cause of action; it does not constitute a separate cause of action." *Rodebush v. Oklahoma Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla.1993).

(a) enters land in the possession of the other, or causes a thing or a third person to do so, or

(b) remains on the land, or

(c) fails to remove from the land a thing which he is under a duty to remove.

Comment c of § 158 provides: "If the possessor of land gives a consent to the actor's presence upon only a particular part of his land, the actor's intentional entry upon any other part of the land is an intrusion, and if unprivileged, is a trespass." Continuing trespass is considered in Restatement of the Law (Second), Torts, § 161: "A trespass may be committed by the continued presence on the land of a structure, chattel, or other thing which the actor has tortiously placed there, whether or not the actor has the ability to remove it."

 Where a trespasser persists in trespassing upon another's land and threatens to continue the wrongful invasion of the premises, equity will enjoin such continuing trespass. *Fairlawn Cemetery Association v. First Presbyterian Church, U.S.A. of Oklahoma City,* 496 P.2d 1185, 1187 (Okla.1972); *Harrison v. Perry,* 456 P.2d 512 (Okla.1969). This is so even if though the trespasser is able to respond financially in damages "for in such cases the party in possession has no adequate remedy at law". *Harrison,* at 516. The granting or denying of injunctive relief rests in the trial court's sound discretion, whose decision will not be reversed on appeal unless abuse of discretion is clearly shown. *Id.; First American Bank & Trust Company, Purcell, Oklahoma v. Sawyer,* 865 P.2d 347, 350 (Okla.App.1993).

 The trial court denied Angier's request for a permanent injunction because she failed to show "irreparable injury". Injury is irreparable when it is incapable of being fully compensated by money damages, or where the measure of damages is so speculative that arriving at an amount of damages would be difficult or impossible. *Manuel v. Oklahoma City University,* 833 P.2d 288 (Okla. App.1992). Although Angier admits damages are sufficient to compensate her for that portion of the road which was wrongfully located, she insists money damages cannot compensate her for the continuing trespass:

Mathews' unauthorized use of the road. We agree. It is her interest in the exclusive possession of her land which has been invaded by Mathews' use of the wrongfully-placed portion of the road. The trial court erred in denying Angier's request for a permanent injunction against Mathews which prohibits Mathews from using the southeast entryway and the unauthorized North/South portion of the road.

 Angier maintains the trial court erred in reforming the Agreement. The judgment provides that the Agreement should be "reformed so as to increase the monthly payments provide [sic] for in the Agreement from One Hundred Dollars ($100.00) per month to One Hundred Eighty Three Dollars and Thirty Three Cents ($183.33) per month." Reformation is inappropriate, she argues, because the Agreement clearly reflected the parties' agreement and there was no evidence the parties intended the entry to be in the southeast corner. Mathews contends the trial court did not actually "reform" the Agreement but simply awarded damages (increased rentals) based on Mathews utilization of more land for the road. Mathews agrees there was no evidence of mutual mistake.

 An instrument may be corrected by the court, to conform to the parties' real intent, where the written agreement omits or contains terms contrary to the common intention of the parties. *Griffin v. Griffin,* 832 P.2d 810, 813 (Okla.1992). The mistake must be mutual or must be mistake on the part of one and fraud or inequitable conduct on the part of the other. *Griffin,* at 813. "The remedy of reformation is appropriate where, by reason of an unintentional mistake by scrivener or draftsman, the written agreement, such as a trust, does not accurately reflect the intent of the grantor." *Id.*

 The trial court found the Agreement "clear and unambiguous" that the road was to cross the property from the east to west with the entry being in the northeast corner of the property. Both parties agree there was no evidence of any mutual mistake and neither party argues there was mistake on

the part of one and fraud or inequitable conduct on the part of the other. Angier did not pray for reformation. The legal remedy of reformation is *not appropriate* under the facts presented here. Although the trial court used the term "reformed" in the judgment with reference to the damages awarded for increased rentals, such term was inappropriately used to describe what amounts to a judicial modification of the contract in order to increase the rentals as a form of damages for breach of contract. The trial court could not "reform" a contract with terms that neither party agreed to. This portion of the trial court's damages award which increases the rentals under the Agreement is reversed because it is based on Mathews' continued use of the southeast entrance and the North/South portion of the road. As detailed above, the trial court erred in refusing to permanently enjoin Mathews from using this portion of the road. Because Mathews will not be using the road, Angier is not entitled to damages (increased rentals based on more land) for Mathews' use thereof.

■■■ Angier contends the trial court erred by failing to award her damages for Mathews' destruction of trees in the southeast corner of her land, for nuisance, inconvenience and annoyance and punitive damages. The transcript and resulting judgment show the trial court calculated and awarded Angier's damages based on breach of contract only. We hold Angier's cause of action is essentially a trespass cause of action and any damages award based on the injury to her property from such trespass should be based on this tort.[2]

The trial court's August, 1994, findings of fact include findings that, 1) damage flowed to Angier as a consequence of the wrongful placement of the entry and north/south section of the road, 2) Angier was damaged because the easternmost portion of the land was divided from the balance of the property and was "effectively rendered useless", and, 3) that the fair market value of the total property had not been diminished. The trial court calculated damages by multiplying the contract consideration price by the excess land taken by Mathews.

■■■ Where property has been permanently injured, the measure of damages is the difference between the actual value immediately before and immediately after the damage is sustained. *Thompson v. Andover Oil Company*, 691 P.2d 77, 82 (Okla.App. 1984). Damages for temporary injury to property is the reasonable cost of repairing the damage and restoring it to its former condition. *Thompson*, at 83. The trial court did not determine whether the injury to Angier's land was either temporary or permanent even though Angier presented evidence for damages based on both temporary and permanent damage. This cause must be remanded to the trial court for a determination of Angier's damages, if any, including any damages she sustained by the destruction of trees in the southeast corner.[3] That part of the judgment which awards Angier $2,050.00 in damages based on Mathews' "excessive taking of land" is therefore, reversed.

■■■ However, with regard to the trial court's failure to award Angier damages for

2. "A breach of contract is a material failure of performance of a duty arising under or imposed by agreement. Although torts may be committed by parties to a contract, a tort is a violation of a duty imposed by law individually of contract. If the contract is merely the inducement which creates the occasion for the tort, the tort, not the contract, is the basis of the action." *Lewis v. Farmers Insurance Company, Inc.*, 681 P.2d 67, 69 (Okla.1983). Tort may be the basis for recovery even though it is the contract that created the relationship between the parties. *Woods Petroleum Corporation v. Delhi Gas Pipeline Corporation*, 700 P.2d 1023, 1027 (Okla.App.1983).

3. The trial court determined the evidence was insufficient to show Angier suffered damage for destruction of trees and further, that tree damage

had been contemplated in the Agreement, for which Angier had been compensated. The Agreement shows Angier released and discharged Mathews from any liability for "any and all damage to the surface of the described PROPERTY and to the appurtenances and improvements thereon, including the loss of or damage to any wildlife, trees, crops and vegetation thereon, arising in connection with MATHEWS' above-mentioned operations." This provision in the contract pertains to trees lost or damaged in connection with Mathews' operations in developing the road across the northern part of Angier's land with an entry at the northeast corner. This provision cannot be construed to exempt Mathews from liability for destruction of trees caused by the unlawful location of the road.

"nuisance, annoyance and inconvenience", we note the trial court correctly sustained Mathews' demurrer with regard to Angier's nuisance cause of action.[4] Accordingly, the trial court did not err by failing to award Angier damages for inconvenience and annoyance based on nuisance.[5]

Angier argues the trial court should have awarded her punitive damages under 23 O.S. 1991, § 9. That section provides in part:

A. In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant, in an amount not exceeding the amount of actual damages awarded. * * *

23 O.S.1991, § 9. The record shows the trial court overruled Mathews' demurrer to the issue of punitive damages and found in the August, 1994, findings of fact that "pursuant to Title 23 O.S. § 9 (1991), and under the facts and evidence received by this Court, plaintiff is not entitled to an award of punitive damages." Thus, the trial court did not, as Mathews suggests, summarily dismiss Angier's request for punitive damages because her cause of action sounded in contract, but considered the evidence regarding Mathews' justification and motivation for placing the entry in the southeast corner. Because there can be no recovery of punitive damages unless there is recovery on the underlying claim, and this cause must be remanded to the trial court for a determination of actual damages, we need not consider whether the trial court's findings regarding Angier's entitlement to punitive damages are supported by the evidence. This issue must, if the trial court determines Angier is entitled to actual damages, be determined by the trial court.

Finally, Angier maintains the trial court erred in failing to award her attorney fees under 12 O.S.1991, § 940(B) and because Mathews' conduct was "devious and oppressive". As noted by both parties, Angier is not entitled to attorney fees unless a contract or statute so provides. *Walden v. Hughes,* 799 P.2d 619 (Okla.1990). Angier does not claim she is entitled to attorney fees under a contract but by § 940 and due to Mathews' conduct.[6]

12 O.S.1991, § 940(A) provides:

A. In any civil action to recover damages *for the negligent or willful injury to property* and any other incidental costs related to such action, the *prevailing party* shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

B. Provided that, the defendant in such action may, not less than ten (10) days after being served with summons, serve upon the plaintiff or his attorney a written offer to allow judgment to be taken against him. If the plaintiff accepts the offer and gives notice thereof to the defendant or his attorney, within five (5) days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant, verified by affidavit. The offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance is not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned

---

4. "A nuisance, public or private, arises where a person uses his own property in such a manner as to cause injury to the property of another. On the other hand, trespass involves an actual physical invasion of the property of another." *Fairlawn Cemetery Association v. First Presbyterian Church,* 496 P.2d 1185 (Okla.1972).

5. Personal inconvenience, annoyance and discomfort to a property owner caused by the maintenance of a nuisance is a separate and distinct element of damages for nuisance. *Thompson v. Andover Oil Company,* 691 P.2d 77 (Okla.App. 1984).

6. The exception to the "American Rule" is that the court has the equitable power to award attorney fees in cases where "an opponent has acted in bad faith, vexatiously, wantonly or for oppressive reasons". *Walden,* at 619. Although Angier argues on appeal that she should have been awarded attorney fees for Mathews' "devious and oppressive" conduct, she did not raise this ground to the trial court in her Application for Attorney Fees. It will therefore not be considered by this Court on appeal.

at the trial. If upon the action being adjudicated the judgment rendered is for the defendant or for the plaintiff and is for a lesser amount than the defendant's offer, then the plaintiff shall not be entitled to recover attorney's fees, court costs and interest. If the judgment rendered is for the plaintiff, and is for the same amount as the defendant's offer, then the plaintiff and defendant shall incur their own attorney's fees, court costs and interest. And if the judgment rendered is for the plaintiff, and is for a larger amount than the defendant's offer, then the plaintiff shall be entitled to recover attorney's fees, court costs and interest.

Section 940 applies to this trespass action to recover damages for the negligent or willful injury to Angier's property. If the trial court renders a damages judgment in her favor, Angier may be the "prevailing party" under Section 940(A). However, before filing its Answer, Mathews offered to allow judgment to be taken against it for $550.00 under 12 O.S.1991, § 940(B). Angier declined the offer. Angier's entitlement to attorney fees under Section 940 cannot be determined until the trial court's ultimate judgment is rendered.

That portion of the trial court's judgment which denies Angier's request for permanent injunctive relief is REVERSED, and the trial court is hereby directed to enter an order enjoining Mathews from using the southeast entrance and the north/south portion of the roadway on Angier's land. The damages award in the judgment, including the "reformation" of the Agreement, is REVERSED, and this cause is REMANDED to the trial court for a hearing to determine Angier's entitlement to actual and punitive damages and her entitlement to attorney fees. The trial court's denial of Angier's request for damages based on nuisance, is affirmed.

The judgment is accordingly, AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

HUNTER, P.J., and ADAMS, J., concur.