2013 OK CIV APP 79

**CIMARRON RIVER RANCH, L.L.C.,**
**Plaintiff/Appellant,**

v.

**Robert NEWMAN, Reggie Whitten, and**
**Whitten–Newman Foundation,**
**Defendants/Appellees.**

No. 110,464.

Court of Civil Appeals of Oklahoma,
Division No. 1.

July 25, 2013.

Sheila D. Stinson, Kirk & Chaney, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Brandon S. Nichols, Brandon S. Nichols, P.C., Oklahoma City, Oklahoma, and Michael Burrage, Whitten Burrage, Oklahoma City, Oklahoma, for Defendants/Appellees.

ROBERT D. BELL, Judge.

¶1 Plaintiff/Appellant, Cimarron River Ranch, L.L.C., appeals from the trial court's grant of summary judgment to Defendants/Appellees, Robert Newman and Reggie Whitten[1], in this quiet title and trespass action. We affirm.

¶2 This case emanates from a land lease between Plaintiff and the Oklahoma Commissioners of Land Office (CLO). The lease covered certain real property situated in Cimarron County. In 2007, Plaintiff filed suit in Oklahoma County District Court seeking a declaratory judgment regarding its rights under the lease. CLO counterclaimed for lease payments. By separate orders issued in early 2009, the district court granted sum-

1. Although the Whitten–Newman Foundation was originally named as a defendant in this ac- tion, Plaintiff later dismissed its claims against it and the foundation is not a party to this appeal.

mary judgment to CLO, including a $524,196.90 judgment against Plaintiff for breach of the lease. Plaintiff did not post a supersedeas bond to stop execution on the judgment.

¶3 Pursuant to the Oklahoma County judgment, the sheriff of Cimarron County levied upon Plaintiff's real and personal property located in Cimarron County. While Plaintiff's appeal of the judgment was pending, CLO gave notice of sheriff's sale. Plaintiff twice filed motions to halt the sheriff's sale, both of which were denied by the trial court. On April 14, 2010, at 1:00 p.m., Plaintiff's real property was sold at sheriff's sale to Reggie Whitten and Robert Newman. Whitten and Newman paid the required ten percent of the sales price as a deposit. The record indicates Newman later transferred his interest in the property to Whitten.

¶4 At 1:45 p.m. on April 14, 2010, a mortgage was filed in the Cimarron County Clerk's office listing the real estate which had just been sold as being subject to a preexisting mortgage. The mortgage was executed by Samuel James Parker, manager and principal of Plaintiff, in favor of his parents, James R. Parker and Jacqueline L. Parker, covering three alleged promissory notes in an aggregate amount exceeding one million dollars. James and Jacqueline Parker were not named in the Oklahoma County District Court case. The sheriff's sale was confirmed on June 2, 2010, by order of the Oklahoma County District Court.

¶5 On October 15, 2010, Division II of this Court issued its opinion in Plaintiff's appeal of the Oklahoma County District Court judgment in *Cimarron River Ranch, LLC v. State ex rel. Comm'rs of the Land Office*, 2011 OK CIV APP 60, 261 P.3d 605. Of particular note, the opinion reversed and remanded that part of the trial court's judgment awarding CLO delinquent lease payments. Mandate issued June 7, 2011, upon the Oklahoma Supreme Court's denial of certiorari. Whitten subsequently remitted the balance of the sheriff's sale purchase price and obtained sheriff's deeds to the properties on July 28, 2011.

¶6 Plaintiff filed the present action for trespass and to quiet title in Cimarron County District Court on June 23, 2011. Therein, Plaintiff claimed it was the legal owner of the real property and that Defendants were wrongfully asserting a claim against Plaintiff's interests and trespassing on the property. Specifically, Plaintiff asserted that Defendants, at the time this suit was filed, had not made the required payment for the property nor had they been issued sheriff's deeds transferring ownership to them. Plaintiff's filing also includes an allegation that it transferred its ownership interest in the subject property to a foreign company in July 2011.

¶7 The trial court subsequently granted Defendants' motion for summary judgment on Plaintiff's quiet title claim. The court dismissed Plaintiff's trespass action, holding Plaintiff lacks standing to assert the claim. Similarly, the trial court denied Plaintiff's motion for summary judgment, holding Plaintiff has no cognizable legal title to the property at this time. The trial court noted any resolution of the underlying judgment must come from the Oklahoma County District Court case upon appellate remand. With respect to the mortgage filed in Cimarron County on April 14, 2010, the trial court held it has no legal effect on these proceedings because it was filed after the conclusion of the sheriff's sale. From said judgment, Plaintiff appeals. This matter stands submitted for accelerated appellate review without appellate briefs on the trial court record pursuant to Rule 13(h), *Rules for District Courts*, 12 O.S.2011, Ch. 2, App., and Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S.2011, Ch. 15, App. 1.

¶8 This Court's standard of review of a trial court's grant of summary judgment is *de novo. Hoyt v. Paul R. Miller, M.D., Inc.*, 1996 OK 80, ¶2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Co-op.*, 1996 OK 44, ¶15, 914 P.2d 669, 674. "In reviewing a motion for summary judgment, all inferences and conclusions drawn from the evidence must be viewed in a light most favorable to the party opposing the motion...." *Id.*

¶ 9 We hold the trial court correctly ruled in favor of Defendants. Upon conclusion of the sheriff's sale, Whitten was the equitable owner of the subject property. *See Atlantic Richfield Co. v. State ex rel. Wildlife Conservation Comm'n,* 1983 OK 14, ¶ 7, 659 P.2d 930, 933 (successful bidder at sheriff's sale acquires equitable title and other inchoate rights of ownership in property, subject to confirmation and payment of purchase price). That sale was confirmed by order of the District Court of Oklahoma County on June 2, 2010, before the underlying judgment was reversed and remanded on appeal. As of that date, Plaintiff had no right or title to the property.

¶ 10 Supporting the above conclusion is 12 O.S.2011 § 774, which states:

> If any judgment or judgments, in satisfaction of which any lands or tenements are sold, shall at any time thereafter be reversed, such reversal shall not defeat or affect the title of the purchaser or purchasers; but in such cases, restitution shall be made, by the judgment creditors, of the money, for which such lands or tenements were sold, with lawful interest from the day of sale.

The reversal of the underlying Oklahoma County judgment did not defeat or affect Whitten's interest in the property. Plaintiff's remedy, if any, for an erroneous judgment sounds in restitution and lies in Oklahoma County District Court upon resolution of the remanded proceedings.

¶ 11 Title 12 O.S.2011 § 1141 requires that an action to quiet title must be brought by one "in possession" of real property against a person claiming an interest that is "adverse to the person bringing the action. . . ." The elements for proving trespass similarly require proof of interference with the land "in possession of" another. *Angier v. Mathews Exploration Corp.,* 1995 OK CIV APP 109, ¶ 6, 905 P.2d 826, 829–30, *quoting* RESTATEMENT (SECOND) OF TORTS, § 158. Plaintiff is not "in possession" of the subject property nor does it have any other legally cognizable claim to the same.

¶ 12 Upon *de novo* review of the instant record, we hold there exists no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law. Accordingly, the judgment of the trial court is affirmed.

¶ 13 AFFIRMED.

BUETTNER, P.J., and JOPLIN, C.J., concur.